■ ARTHUR PURO, Respondent, v LOUIS PURO et al., Defendants, and MILDRED PURO et al., Appellants. — Order, Supreme Court, New York County, entered March 21, 1980, which, inter alia, denied the motion by defendants executors of the estate of Joseph Puro, deceased, to amend their answer to the fourth cause of action of the supplemental complaint to add first and fourth affirmative defenses and denied the motion by defendants executors of the estate of Sam Puro, deceased, to amend their answer to the fourth cause of action of the supplemental complaint to add second and fifth affirmative defenses, unanimously reversed, to the extent appealed from, on the law, on the facts and in the exercise of discretion, with costs and disbursements, and

the motions granted. Plaintiff Arthur Puro commenced this action for partnership dissolution and accounting against his brothers Joseph, Sam, Louis and Jacob. Subsequently, Joseph and Sam died and their estates were substituted. The brothers had entered into agreements dealing with their real estate holdings which provided, *inter alia,* that upon the death of any one of them, the death shall be deemed an irrevocable offer to sell by the deceased brother all his interest in real property owned in common with the surviving brothers. It also provided that acceptance of such tender must occur within three months after issuance of letters to the executor or administrator of the estate of the decedent. Plaintiff served a supplemental complaint asserting rights under the agreement with respect to the disposition of the real property. The estates of the two deceased brothers moved to amend their answers to assert certain affirmative defenses against this new claim by plaintiff. The affirmative defenses sought to be interposed are (1) that plaintiff rejected the tender, (2) that the real estate agreement under which plaintiff is claiming is unenforceable because it imposes an unreasonable restraint on the alienation of real property, and (3) that enforcement of the real estate agreement will be unconscionable in that it will result in enforced sales of the properties at grossly inadequate prices. Trial Term refused to allow the first affirmative defense with respect to the tender on the ground that the issue raised by such defense had already been determined adversely to the defendant movants by the court. This conclusion was incorrect. The real estate agreement was inferentially involved in motions and cross motions by the parties for partial summary judgment relief, which motions were denied. "A denial of a motion for summary judgment will generally be res judicata of nothing except that summary judgment was not warranted" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212, C3212:21, p 440). Accordingly, it was an abuse of discretion to deprive the defendants of the right to raise the affirmative defense of lack of acceptance of the tender on plaintiff's part. Leave to assert an affirmative defense that the real estate agreements are unenforceable because they constitute unreasonable restraints on alienation, was denied, Trial Term concluding as a matter of law that the construction which defendants seek to place upon the written agreements is untenable and not supported by any reasonable reading of the agreements. However, a fair reading of the agreements does permit a reasonable inference or conclusion that the agreements may be unenforceable on the basis of an unreasonable restraint on the alienation of property. In view of the fact that plaintiff was permitted to serve a supplemental complaint, and in view of the liberal policy of permitting supplemental pleadings set forth by CPLR 3025 (subd [b]), in the absence of prejudice to another party, leave to assert such affirmative defense is granted. Finally, the estate of Sam Puro should have been permitted to set forth the affirmative defense as to unconscionability with respect to plaintiff's seeking specific performance of the real estate agreements. The record contains some showing, however minimal, to substantiate the estate's contention that enforcement of the real estate agreement would result in forfeiture of valuable rights by enforced sales of properties at wholly inadequate prices and would thus be unconscionable. Concur — Birns, J.P., Sullivan, Lupiano, Bloom and Carro, JJ.