■ THOMAS M. GREGORY et al., Respondents-Appellants, v GENERAL ELECTRIC COMPANY et al., Appellants-Respondents.— Mikoll, J. Cross appeals from an order of the Supreme Court at Special Term (Bradley, J.), entered June 10, 1986 in Saratoga County, which partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Thomas M. Gregory (hereinafter plaintiff) received injuries on August 24, 1981 while employed as a sheet metal worker for the Levi Case Company at a construction site. Plaintiff and three other workers were instructed by their foreman to manually transport two hydraulic jacks, each

2. The homeowner was examined in connection with plaintiff's previous lawsuit.

weighing approximately 300 pounds. The jacks had to be moved over about 60 feet of dirt surface and up a flight of wooden stairs to an upper floor level. After plaintiff and his co-workers moved the jacks to the second level, plaintiff complained of angina and was taken to the hospital where it was determined that he had suffered a heart attack.

Plaintiff and his wife brought this action against the property owner, the contractor and a subcontractor claiming, *inter alia,* violations of Labor Law §§ 240 and 241 and common-law negligence. After issue was joined, defendants moved for summary judgment to dismiss the complaint in its entirety. Special Term granted defendants' motion in part by dismissing plaintiff's causes of action based on violations of Labor Law §§ 240 and 241, but allowed the cause of action based on common-law negligence to stand. Plaintiff and defendants cross-appealed from the order.

The order entered at Special Term should be modified by reversing so much thereof as dismissed plaintiff's claims under Labor Law §§ 240 and 241 (6).

Plaintiff's contention that Special Term erred in dismissing plaintiff's claim under Labor Law § 240 (1) is well taken. The provisions contained in Labor Law § 240 (1) impose a nondelegable duty upon the property owner and general contractor to provide the proper equipment and protection to construction workers *(see, e.g., Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 519). "The purpose of the statute is to place responsibility for maintaining safeguards for the protection of workers in positions of great risk upon those parties considered best suited to provide such safeguards. In order to prevail in a Labor Law § 240 action, a plaintiff need only establish that the statute was violated and that the violation was a proximate cause of his injury" *(Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, 210).

We reject defendants' argument that Labor Law § 240 (1) imposes no obligation to furnish hoisting equipment. Labor Law § 240 (1) specifically covers hoists and, thus, the failure to provide them could be considered a violation of the statute under the authority of *Zimmer v Chemung County Performing Arts (supra).* Defendants' assertion that Labor Law § 240 (1) only protects workers from the risks of falls or falling objects requires an unreasonably restrictive interpretation of the statutory protection afforded *(see, Kahn v Gates Constr. Corp.,* 103 AD2d 438; *see also, Smith v Jesus People,* 113 AD2d 980; *contra, Van Slyke v Niagara Mohawk Power Corp.,* 93 AD2d

990, *affd* 60 NY2d 774; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, *lv dismissed* 60 NY2d 554). Plaintiff's injury allegedly resulted from the overstrenuous activity of manually transporting the jacks, an activity necessitated by the absence of hoisting equipment. This injury is within the scope of the risk created by defendants' failure to provide any hoisting devices. Questions of fact, therefore, are created as to whether there was a violation of Labor Law § 240 (1) and the proximate cause of the injury.

Defendant's contention that Special Term properly dismissed plaintiff's claim under Labor Law § 241 (5) is well taken and requires little comment since plaintiff does not argue on this appeal that this portion of Special Term's ruling was in error.

Plaintiff's argument that Special Term erred in dismissing plaintiff's claim under Labor Law § 241 (6) is persuasive. Labor Law § 241 (6) imposes a general duty on property owners and contractors to protect workers. This section is not self-executing and an action predicated on it must refer to the implementing regulations set forth by the Industrial Board of Appeals (12 NYCRR part 23; *see, Long v Forest-Fehlhaber,* 55 NY2d 154).

Special Term erroneously ruled that none of the regulations were applicable to the instant litigation. Under 12 NYCRR 23-1.2 (e), the Industrial Board of Appeals has provided that construction workers are to be protected from "[t]he hazards incidental to the handling and movement of heavy materials". Persons covered by the regulations are defined in 12 NYCRR 23-1.3. Additionally, 12 NYCRR 23-1.5 (a) requires owners and contractors to provide working conditions and equipment necessary for the safety of workers. The requirements for material hoisting operations are set forth in the provisions of 12 NYCRR subpart 23-6. While the latter regulation does not, by its own terms, require that hoisting equipment be furnished, it is arguable that when read in conjunction with 12 NYCRR 23-1.5 (a), the obligation to furnish hoisting equipment exists by implication when it is reasonably necessary for worker safety.

Thus, it appears that inasmuch as plaintiff has alleged that the regulations sought to protect workers from the type of hazard to which plaintiff was exposed (12 NYCRR 23-1.2 [e]), the contractor forbade temporary elevators at the site, and the owner and contractor did not otherwise provide a safe means of transporting the jacks, sufficient circumstances are alleged to raise a factual issue as to whether defendants were in full

compliance with the regulations implementing Labor Law § 241 (6).

Plaintiff's argument that Special Term properly refused to dismiss the claim alleging common-law negligence is meritorious. Under the common law, a property owner or general contractor is not responsible for injuries to employees of a subcontractor which arise from negligence or defects in the subcontractor's own tools or methods (see, Nagel v Metzger, 103 AD2d 1, 8-9). An exception to this rule is where the owner or general contractor supervised or controlled the equipment or safety procedures (supra). The credibility of the testimony of the witnesses for defendants on the issue of supervisory control exercised is for the jury to decide (see, Koen v Carl Co., 70 AD2d 695).

Finally, it is argued that defendant A. J. Eckert Company, Inc., a subcontractor, was a joint venturer with plaintiff's employer and that, therefore, plaintiff's action against Eckert is barred under the Workers' Compensation Law (see, Felder v Old Falls Sanitation Co., 47 AD2d 977, affd 39 NY2d 855). However, the record is unclear as to the nature of this relationship. The issue should be resolved at trial and Eckert should not now be dismissed from the action.

Order modified, on the law, without costs, by reversing so much thereof as dismissed plaintiffs' claims under Labor Law §§ 240 and 241 (6), and, as so modified, affirmed. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.