■ John Hammond, Appellant, v International Paper Company, Respondent.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ryan, J.), entered February 7, 1991 in Clinton County, upon a dismissal of the complaint at the close of plaintiff's case.

At issue is whether plaintiff made out a case under Labor Law § 241 (6) sufficient to withstand defendant's motion for a directed verdict. Plaintiff, an ironworker whose employer was performing construction work at defendant's paper mill, testified that on the day of his injury he entered the building, walked down a passageway past a paper-producing machine, an area he had frequently traversed before, and, after stepping over a damp spot, slipped on "something". His near fall allegedly resulted in permanent groin and back injuries. At the close of plaintiff's case, Supreme Court granted defendant a directed verdict for the reason that, by not offering "some proof of a condition that existed that caused" his injuries, plaintiff had failed to establish a prima facie cause of action. Plaintiff appeals.

Initially, it should be noted that this is not a traditional slip and fall case *(cf., Lowrey v Cumberland Farms,* 162 AD2d 777), but a suit based on Labor Law § 241 (6) and its implementing regulation, 12 NYCRR 23-1.7 (d) *(see, Gregory v General Elec. Co.,* 131 AD2d 967, 969). Labor Law § 241 (6) requires that employers "provide reasonable and adequate protection and safety to [employees]", and 12 NYCRR 23-1.7 (d) unequivocally directs employers not to suffer or permit employees to use slippery passageways. Furthermore, the regulation imposes an affirmative duty on employers to remove, sand or cover ice, snow, water, grease "and any other foreign substance" which might cause a passageway, *inter alia,* to become slippery (12 NYCRR 23-1.7 [d]). Although violation of this regulation does not create absolute liability, it does constitute "some evidence" of negligence *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 522).

Given defendant's admission that the area where plaintiff slipped was moist on the day in question and plaintiff's testimony that "there was some moisture on the floor and I stepped over it", the jury could have rationally concluded that defendant failed to comply with Labor Law § 241 (6) and 12 NYCRR 23-1.7 (d) and that plaintiff's slipping, twisting, loss of balance and subsequent injury proximately resulted from this noncompliance on defendant's part. This is sufficient to establish a prima facie case; plaintiff was not obligated to eliminate all other potential causes of his injury *(see, Locilento v Coleman Catholic High School,* 134 AD2d 39, 41). Accordingly, defendant's motion for a directed verdict should have been denied.

As this case requires the jury to decide whether defendant's safety measures were reasonable and adequate on the day of plaintiff's injury, the condition of the floor in question on prior occasions and the protective measures taken by defendant in response are logically probative, not as to the actual condition or measures taken on the day of plaintiff's accident, but as to defendant's knowledge of and response to the dangerous condition *(cf., People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, *cert denied sub nom. New York v James,* 438 US 914). Plaintiff should have been permitted to refresh the memory of his witness, Michael Baker, regarding this information and to introduce prior inconsistent statements for the limited purpose of impeaching this witness's credibility *(see,* Richardson, Evidence §§ 465, 508, at 453, 499 [Prince 10th ed]; *see also,* CPLR 4514).

Lastly, there is no merit to plaintiff's contention that the

law of the case doctrine applies here where defendant's summary judgment motion regarding plaintiff's Labor Law § 241 (6) claim was previously denied because the motion papers raised a triable issue of fact *(see, Hammond v International Paper Co.,* 161 AD2d 914, 915; *see also, Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948, 949, *lv denied* 34 NY2d 515).

Mahoney, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.