■ LYNN L. COMES et al., Respondents, v NEW YORK STATE ELECTRIC AND GAS CORPORATION, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 27, 1991 in Tompkins County, which denied

defendant's motion for summary judgment dismissing the complaint.

Plaintiff Lynn L. Comes (hereinafter plaintiff) was employed as a laborer by William H. Lane, Inc., the general contractor on a construction project performed on defendant's property. Plaintiff and his wife commenced this action to recover for a back injury which plaintiff sustained in lifting and moving a steel I-beam, alleging defendant's negligence and violation of Labor Law §§ 200 and 241 (6). Defendant appeals Supreme Court's denial of its motion for summary judgment dismissing the complaint. In our view, the evidence adduced on the motion established defendant's freedom from liability as a matter of law, requiring reversal of Supreme Court's order and dismissal of the complaint.

Addressing first the causes of action based upon common-law and statutory negligence (Labor Law § 200), the general rule is that an owner breaches no duty to an injured worker when the claimed defect is not in the land itself but, rather, arises out of a contractor's own methods or negligent acts occurring as a detail of the contractor's work (see, Rapp v Zandri Constr. Corp., 165 AD2d 639, 641). This is not one of those exceptional cases where there is evidence that the owner actually exercised supervisory control over the contractor's work and had actual or constructive notice of the unsafe condition (see, supra, at 642). Rather, the evidence shows that the role of defendant's site representative, George Offenburg, was merely to assure adherence to the project drawings and specifications and that he exercised no control over the methods employed by the general contractor or subcontractors. As to the question of notice, Offenburg's uncontradicted testimony established that he had no idea of the weight of the steel I-beams used on the job or of the fact that laborers were moving them without assistance. Contrary to plaintiffs' assertion, Offenburg's deposition testimony that he would note job site accidents on his daily construction report and inform the superintendent of safety violations, such as a failure to wear a hard hat or safety glasses, evidences neither control nor knowledge of the work practice that caused plaintiff's injury (cf., Hall v Miller & Assocs., 167 AD2d 688; Rapp v Zandri Constr. Corp., supra).

As for the cause of action predicated upon Labor Law § 241 (6), we conclude that the Industrial Board of Appeals has adopted no implementing regulation requiring the use of a mechanical device to move the steel I-beams in this case (see,

*Rosen v McGuire & Bennett,* 189 AD2d 966 [decided herewith]; *Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316-317; *cf., Gregory v General Elec. Co.,* 131 AD2d 967).

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.