■ Ricky J. Rosen, Respondent, v McGuire & Bennett, Inc., et al., Appellants. (And a Third-Party Action.)—Weiss, P. J. Appeal from an order of the Supreme Court (Monserrate, J.), entered March 3, 1992 in Cortland County, which partially denied defendants' motion for summary judgment dismissing the complaint.

On May 28, 1988, plaintiff, a construction laborer, was assigned with three others to unload sheetrock from a flat bed trailer at the site of a new performing arts center under construction at defendant Cornell University. Defendant McQuire & Bennett, Inc. was the general contractor and third-party defendant, plaintiff's employer, was a subcontractor. Two laborers on the trailer slid double 10-foot by 4-foot sheets weighing approximately 160 pounds to two laborers on the ground, who in turn carried the sheets 10 to 15 feet to a storage area. Plaintiff was one of the laborers working on the ground. During the course of the first day, plaintiff complained to his supervisor about pain in his back which increased during the next two days and eventually required him to cease performing similar unloading on the third day. The injury to plaintiff's back was not linked to a specific incident. Rather, plaintiff attributes his injury to the unloading methodology and alleges that on a number of occasions, one of the laborers on the truck would intentionally slide the sheetrock too fast or out of sequence or would drop the sheet, requiring plaintiff to catch it.

Plaintiff commenced this action alleging, *inter alia,* that defendants violated Labor Law § 241 (6) by failing to provide reasonable and adequate protection to plaintiff from the hazards incidental to the handling and moving of heavy material. That portion of defendants' summary judgment motion seeking dismissal of the Labor Law § 241 (6) claim was denied. Defendants have appealed.

Initially, we observe that Labor Law § 241 (6) is but a reiteration of common-law standards, the implementation of which is left to a subordinate body, the Board of Standards and Appeals *(see, Long v Forest-Fehlhaber,* 55 NY2d 154, 160). In *Gregory v General Elec. Co.* (131 AD2d 967, 969) this Court determined that 12 NYCRR 23-1.2 (e) (protection from hazards incidental to the handling and movement of heavy material), when read in conjunction with hoisting equipment regulations, by implication arguably created an obligation to furnish hoisting equipment when reasonably necessary for worker safety. Although 12 NYCRR 23-1.2 (e) does not create a standard or regulate the specific activity at issue here, the regulation does specify that the handling and movement of heavy materials is a hazard which requires special regulation. The remaining regulations recited by plaintiff do not specifically address the type of activity in which plaintiff was engaged. Because there is no implementing regulation upon

which to predicate an action *(see, Long v Forest-Fehlhaber, supra)*, there was no regulatory violation.

Defendants have established that the manual method of unloading the sheetrock was a customary means of performing the task. Plaintiff acknowledges that he and his co-worker on the ground level had no difficulty handling the sheets, except when the deliberate misdeeds of a co-worker on the truck created dangers. Thus, even had plaintiff established an arguable implication similar to that alleged in *Gregory v General Elec. Co. (supra)*, defendants demonstrated that the manual method was a safe alternate means *(see, supra,* at 969). Plaintiff has not offered proof in evidentiary form to factually dispute defendants' evidentiary showing and therefore failed to raise an issue of fact sufficient to defeat the motion *(see, Zuckerman v City of New York,* 49 NY2d 557). Accordingly, defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim should have been granted.

Mercure, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion with respect to the cause of action under Labor Law § 241 (6); motion granted to that extent, summary judgment awarded to defendants and said cause of action is dismissed; and, as so modified, affirmed.