■ ELMER C. NARROW et al., Appellants, v CRANE-HOGAN STRUCTURAL SYSTEMS, INC., Respondent. [609 NYS2d 372] —White, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered February 23, 1993 in Cortland County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

In 1988, the State contracted with defendant for the improvement and reconstruction of certain bridges in Monroe County. Defendant, as general contractor, subcontracted with Elderlee, Inc. for the removal of existing guardrails and the installation of new ones. On November 18, 1988, plaintiff Elmer C. Narrow (hereinafter plaintiff), who was an Elderlee employee, and another co-worker were directed by their foreman to pick up some of the old "box beams" that were lying on the ground and place them on a truck that was approximately 3 to 4 feet away. As plaintiff and his co-worker lifted the beam, the co-worker dropped his end, causing the full

weight of the beam to be shifted to plaintiff and resulting in plaintiff sustaining a herniated disc. Plaintiff and his wife brought this action under Labor Law §§ 200, 240 (1) and § 241 (6) seeking damages for personal injury and derivative losses. Defendant's motion for summary judgment was granted by Supreme Court and this appeal by plaintiffs followed.*

Plaintiffs contend that Supreme Court erred in granting defendant's motion for summary judgment, alleging that defendant's failure to provide plaintiff with an appropriate hoisting device was a violation of Labor Law § 240 (1). In several recent decisions of the Court of Appeals, however, the Court has held that Labor Law § 240 (1) is concerned with elevation-related hazards and does not encompass all perils that may be connected in some tangential way with the effects of gravity. This section only remedies specific gravity-related accidents, such as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509). Because plaintiff's injury does not come within these categories, we find that his injury is not actionable under Labor Law § 240 (1) and that Supreme Court therefore did not err in granting defendant's motion for summary judgment as it related to this cause of action.

We next turn to plaintiffs' cause of action alleging a violation of Labor Law § 241 (6), which imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. In actions brought under this section it has been held that violations of general safety standards of the regulations promulgated by the Commissioner of Labor will not suffice to sustain a cause of action (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 503-505). Plaintiffs initially did not allege regulatory violations in either their complaint or bill of particulars, but did so in response to defendant's summary judgment motion. Assuming, arguendo, that this would be sufficient to bring this question before the court for review, we find that the regulations alleged, 12 NYCRR 23-1.2 (e), 23-1.5 (a) and subpart 23-6, relate to general safety standards and are not concrete specifications sufficient to impose a duty on defendant (*see, Comes v New York State Elec. & Gas Corp.*, 189 AD2d 945, *affd* 82 NY2d 876; *Rosen v McGuire & Bennett*, 189

---

* Plaintiffs have not pursued their appeal of that portion of Supreme Court's decision dismissing the claim alleged pursuant to Labor Law § 200.

AD2d 966; *Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313). Therefore, we find that Supreme Court also properly granted defendant's motion for summary judgment dismissing this cause of action.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order and judgment are affirmed, with costs.