■ MICHAEL BISZICK et al., Appellants, v NINNIE CONSTRUCTION CORPORATION et al., Respondents, and INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant and Third-Party Plaintiff-Respondent. BILDOT STEEL CORP., Third-Party Defendant-Respondent. [619 NYS2d 146] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Duchess County (Beisner, J.), dated December 22, 1992, as (1) granted the motion of the defendant Halmar Construction Corp. for summary judgment dismissing the complaint insofar as it is asserted against it, (2) granted the separate motion of the defendant third-party plaintiff International Business Machines Corporation for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims against it, (3) granted the separate motion of the defendant Walsh Construction Company for summary judgment dismissing the complaint insofar as it is asserted against it, and (4) granted that branch of the separate motion of the defendant Ninnie Construction Corporation which was for summary judgment dismissing their causes of action based upon Labor Law §§ 200 and 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents International Business Machines Corporation and Halmar Construction Corp.

The plaintiffs' cause of action alleging violations of Labor Law § 241 (6), which imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers, was properly dismissed. Violations of general safety standards set in the regulations promulgated by the Commissioner of Labor will not suffice to sustain a cause of action under this section (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503-505; Narrow v Crane-Hogan Structural Sys., 202 AD2d 841). The regulation alleged to have been violated herein, 12 NYCRR 23-1.2 (e), relates to general safety standards, and the alleged violation of that provision did not give rise to a cause of action under Labor Law § 241 (6) (see, Narrow v Crane-Hogan Structural Sys., 202 AD2d 841, supra; see also, Comes v New York

*State Elec. & Gas Corp.,* 189 AD2d 945, *affd* 82 NY2d 876, 878).

Furthermore, the plaintiffs' cause of action alleging violations of Labor Law § 200, which codifies the owners' and contractors' common-law duty to provide employees with a safe workplace, was also properly dismissed. Where the alleged defect or dangerous condition arises from a subcontractor's methods and the owner or contractor exercises no supervisory control over the operation, no liability attaches under the common law or Labor Law § 200 *(see, Lombardi v Stout,* 80 NY2d 290, 295; *see also, Comes v New York State Elec. & Gas Corp., supra,* at 877).

We have examined the plaintiffs' remaining contentions and find that they are without merit. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.