■ HOWARD MATTISON et al., Respondents, v WILLIAM F. WILMOT et al., Defendants, and ROBERT L. SANT et al., Appellants. [645 NYS2d 122] —Mikoll, J. P.

On September 4, 1990, plaintiff Howard Mattison (hereinafter plaintiff), a roofer, claims he injured his back while using a rope to lift materials and equipment to the roof of the Rotterdam Mall in the Town of Rotterdam, Schenectady County,

owned by, among others, defendants Robert L. Sant and Rotterdam Square (hereinafter collectively referred to as defendants). Plaintiff and his wife thereafter commenced this action alleging negligence, Labor Law and derivative causes of action. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion to the extent of dismissing plaintiffs' negligence claim, but the court denied their motion regarding the claims pursuant to Labor Law §§ 240 and 241 (6). Defendants appeal.

Defendants contend that Supreme Court erred in denying that part of their summary judgment motion seeking dismissal of plaintiffs' Labor Law § 240 (1) claim. We disagree.

In *Misseritti v Mark IV Constr. Co.* (86 NY2d 487), the Court of Appeals stated: "We have expressly held that 'Labor Law § 240 (1) was aimed only at *elevation-related hazards* and that, accordingly, injuries resulting from other types of hazards are not compensable under that statute even if proximately caused by the absence of * * * [a] required safety device' " (*supra*, at 490, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [emphasis supplied]). In *Ross v Curtis-Palmer Hydro-Elec. Co.* (*supra*), the Court noted, with special emphasis, that Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person.

Plaintiff was injured while assisting two other workmen in lifting fan units in a wooden crate and glue in 10-gallon cans from ground level to the roof of the Rotterdam Mall by using a rope tied to the slats of the wood frame and around the cans. At one point, plaintiff slipped on a stone and the can he was lifting started to fall. The falling weight pulled him forward into a restraining wall, which he hit with his stomach, preventing him from toppling off the roof. Plaintiff contends that the hoist was not outfitted with an effective pawl and ratchet to prevent the slippage of the can and that the injury to plaintiff was caused by a gravity-related accident.

We affirm. Plaintiffs have set out sufficient questions of fact, if established, to bring the case within the parameters of Labor Law § 240 (1). Summary judgment was properly denied by Supreme Court.

Regarding plaintiffs' cause of action alleging violations of Labor Law § 241 (6), we conclude upon review of the alleged facts and the pertinent regulations that sufficient triable ques-

tions of fact on this issue have been raised to defeat a grant of summary judgment in defendants' favor (*see*, CPLR 3212 [b]). Contrary to defendants' assertions on appeal, it is not clear as a matter of law that plaintiffs have not alleged violations of concrete specifications of the cited regulations promulgated by the Commissioner of Labor sufficient to impose a duty upon defendant (*see*, *Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842). 12 NYCRR 23-6.1 (j) (1) specifically states that hoist brakes shall be supplied for every material hoist and that "[e]ach manually-operated material hoist shall be equipped with an effective pawl and ratchet". Plaintiffs sufficiently allege that defendants violated a concrete specification necessary to impose a duty on defendants.

Casey and Spain, JJ., concur.

Mercure, J. (dissenting). Because we conclude that plaintiffs' causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) should be dismissed, we are constrained to dissent.

Initially, despite the fact that plaintiff Howard Mattison (hereinafter plaintiff) was working on a roof at the time he injured his back, his injuries did not result from "an elevation-related" risk within the purview of Labor Law § 240 (1) (*see*, *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-515). In reaching a contrary conclusion, the majority appears to repeat the error this Court made in *Ross v Curtis-Palmer Hydro-Elec. Co.* (180 AD2d 385, 390, *mod* 81 NY2d 494) by imposing section 240 liability in a case where the injuries, although arguably resulting from the absence of an adequate safety device, did not result from the "special hazards" of falling workers or objects (*see*, *Rocovich v Consolidated Edison Co.*, *supra*, at 513-514; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501, *supra*). Here, as in *Ross*, the hazard causing plaintiff's injury, i.e., pulling a too-heavy load up to the roof without the benefit of an appropriate hoisting device, was at best "connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501).

Turning now to the Labor Law § 241 (6) cause of action, in their bill of particulars plaintiffs allege violations of 12 NYCRR subpart 23-6 and 12 NYCRR 23-1.7. This Court has already determined that 12 NYCRR subpart 23-6 relates to general safety standards and is not a concrete specification sufficient to impose a duty under Labor Law § 241 (6) (*see*, *Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842; *Comes v New York State Elec. & Gas Corp.*, 189 AD2d 945, 946-947, *affd* 82 NY2d 876). In addition, the provisions of 12 NYCRR subpart 23-6

pertain to the design, construction, outfitting, maintenance and operation of material hoisting equipment. It is undisputed that no material hoisting equipment was employed in this case, and plaintiffs have pointed to no implementing regulation requiring the use of such equipment (*see, Comes v New York State Elec. & Gas Corp., supra; cf., Gregory v General Elec. Co.,* 131 AD2d 967). Finally, although 12 NYCRR 23-1.7 (e) (2) has been held to set forth a specific standard of conduct (*see, Baker v International Paper Co.,* 226 AD2d 1007; *Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796, 797-798), there is no evidence in the record to support a finding that plaintiff's injuries were proximately caused by the existence of accumulations of dirt or debris, scattered tools, materials or sharp projections in the work area (12 NYCRR 23-1.7 [e] [2]).

On the basis of the foregoing analysis, we would modify Supreme Court's order by reversing so much thereof as denied defendants' motion for summary judgment dismissing plaintiffs' causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), dismiss said causes of action, and otherwise affirm.

White, J., concurs. Ordered that the order is affirmed, with costs.