[666 NYS2d 218]

Otis Smith, Respondent-Appellant, v Homart Development Company et al., Appellants-Respondents.

Third Department, November 26, 1997

### APPEARANCES OF COUNSEL

*Donohue, Sabo, Varley & Armstrong, P. C.,* Albany *(Christine D. Hanlon* of counsel), for appellants-respondents.

*Roemer, Wallens & Mineaux, L. L. P.,* Albany *(Matthew J. Kelly* of counsel), for respondent-appellant.

### OPINION OF THE COURT

CASEY, J.

Plaintiff, a journeyman carpenter, was injured on January 21, 1993 while working on the construction site of Latham Farms Shopping Center in the Town of Colonie, Albany County. At the time, the site was owned by defendants, and plaintiff was employed by Beltrone Construction Company, the general contractor on the project. Plaintiff's injury occurred when he and a fellow worker were pulling an enclosure panel from the ground level to a scaffold 25 to 30 feet in the air on which plaintiff and his co-worker were standing. The purpose of the temporary enclosure was to retain heat so that masonry work could proceed in the cold weather.

The enclosure measured about 16 feet wide and 32 feet high and consisted of two-by-fours across which was stretched plastic sheeting or polyethylene panels. With the assistance of several workers who kept the bottom of the enclosure on the ground at all times, plaintiff and his co-worker, who were on the top of the scaffold, used a rope to pull the panels up toward them. Workers were also stationed on the lower level of the scaffold to assist in securing the enclosure to the scaffold. During this process, plaintiff was secured to the scaffold by a safety belt. Once a panel was up, either plaintiff or his co-worker would hold it tight to the scaffold and tie it off while the workers on the ground would brace it. Testimony indicated that it was the custom in the construction trade in the community to use a tag line when hoisting panels that were apt to swing during the raising process, but no tag line was used here.

Plaintiff testified that as he raised the fourth panel, a gust of wind pulled the panel away from him, twisting and pulling his

body and causing him to sustain injuries. As a result, plaintiff commenced this action against defendants alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants moved and plaintiff cross-moved for summary judgment. Supreme Court (Harris, J.) partially granted defendants' motion by dismissing the Labor Law §§ 200 and 240 (1) causes of action. The court denied both parties' motions with respect to the Labor Law § 241 (6) cause of action finding that, although several of the regulations cited by plaintiff failed to provide the specific standard of conduct required for this statute, a question of fact existed regarding a violation of 12 NYCRR 23-6.1 (h), which provides that "[l]oads which have a tendency to swing or turn freely during hoisting shall be controlled by tag lines".

A jury trial was held and, at the close of plaintiff's case, both parties moved for a directed verdict. Supreme Court (Conway, J.H.O.) denied plaintiff's motion and reserved decision on defendants' motion. The issue of defendants' violation of Labor Law § 241 (6) requiring tag lines for hoisting, and whether such violation proximately caused plaintiff's injuries, was submitted to the jury, which returned a verdict in the amount of $689,686.84. Defendants' motion to set the verdict aside was denied and a judgment was thereafter entered in plaintiff's favor. Defendants and plaintiff now appeal from the judgment, bringing up for review the nonfinal pretrial order resolving the summary judgment motions (see, Stram v Farrell, 223 AD2d 260, 265-266).

In our view, it was improper for Supreme Court (Harris, J.) to deny defendants' motion for summary judgment with respect to plaintiff's claim under Labor Law § 241 (6) in which he alleged a violation of 12 NYCRR 23-6.1 (h). Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection and safety to construction workers (see, Narrow v Crane-Hogan Structural Sys., 202 AD2d 841, 842). To sustain a cause of action under this section, the plaintiff must demonstrate a violation of some specific rule or regulation promulgated by the Commissioner of Labor (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503-505; Gordineer v County of Orange, 205 AD2d 584).

In his complaint, plaintiff initially did not allege any regulatory violations. In his first bill of particulars, plaintiff alleged, generally, a violation of "12 NYCRR § 23 et seq." In his second bill of particulars, plaintiff alleged a violation of, inter alia, 12 NYCRR 23-6.1 (h). Significantly, 12 NYCRR 23-6.1 is entitled

"General Requirements" and is made applicable to "all material hoisting equipment except cranes, derricks, aerial baskets, excavating machines used for material hoisting and fork lift trucks" (12 NYCRR 23-6.1 [a]). It is plaintiff's contention that the rope used to raise the enclosure to the scaffold should be considered "material hoisting equipment" since the use of the rope does not appear in the list of exclusions found in 12 NYCRR 23-6.1 (a).

We find 12 NYCRR 23-6.1 inapplicable as plaintiff was not using material hoisting equipment at the time of his accident. All references to such equipment in 12 NYCRR 23-6.1 imply more than just a rope connected through the actual item that is being lifted and the regulation refers to items or loads that swing or turn freely. The load here was the enclosure, no portion of which had the ability to turn freely or swing since at all times the bottom was being held down. Inasmuch as 12 NYCRR 23-6.1 (h) does not create a standard or regulate the specific activity at issue here and only specifies that loads which have a tendency to swing or turn freely during hoisting shall be controlled by tag lines, there is no implementing regulation upon which to predicate plaintiff's action and, as such, there is no regulatory violation (*see, Rosen v McGuire & Bennett*, 189 AD2d 966, 967-968). Finally, even if 12 NYCRR 23-6.1 (h) is applicable, it is insufficient to establish a violation of the nondelegable duty imposed by Labor Law § 241 (6) since it only sets forth a general safety standard and not a concrete specification (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 504; *Dorr v General Elec. Co.*, 235 AD2d 883, 884; *Narrow v Crane-Hogan Structural Sys., supra*, at 842). Accordingly, defendants' motion for summary judgment dismissing the claim based on a violation of 12 NYCRR 23-6.1 (h) was improperly denied.

Turning to the cross appeal, plaintiff claims error in the failure or refusal of the Judicial Hearing Officer to submit an alleged violation of 12 NYCRR 23-1.7 (d) to the jury. As Supreme Court (Harris, J.) found that this regulation failed to provide the specific standard of conduct required for Labor Law § 241 (6), the Judicial Hearing Officer refused to take evidence on this issue or submit it to the jury, a ruling to which plaintiff took exception, thereby preserving the issue for review. We find, however, that Supreme Court (Harris, J.) erred in its determination with regard to this regulation as this Court has held that 12 NYCRR 23-1.7 (d) is a specific regulation upon which liability may be imposed under Labor Law § 241 (6) (*see, Hammond v International Paper Co.*, 178 AD2d 798, 799).

Therefore, the alleged violation of 12 NYCRR 23-1.7 (d) should have been submitted to the jury as a factual issue (*see, Colucci v Equitable Life Assur. Socy.*, 218 AD2d 513). Consequently, a new trial must be had on this issue to ascertain whether this regulation has been violated and, if so, whether such violation is a proximate cause of any of plaintiff's injuries.

CARDONA, P. J., MIKOLL, MERCURE and PETERS, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, verdict set aside and matter remitted to the Supreme Court for a new trial on the sole issue of the alleged violation of 12 NYCRR 23-1.7 (d).