■ TIMOTHY CARROLL et al., Respondents-Appellants, v METROPOLITAN LIFE INSURANCE COMPANY et al., Appellants-

Respondents. [694 NYS2d 369] —Order, Supreme Court, New York County (Carol Huff, J.), entered May 15, 1998, which, to the extent appealed from, denied defendants' motion for summary judgment insofar as it sought dismissal of plaintiffs' cause of action pursuant to Labor Law § 240 (1), but which granted defendants' motion to the extent of dismissing plaintiffs' cause of action pursuant to Labor Law § 241 (6), unanimously modified, on the law, to deny defendants' motion for summary judgment in its entirety, and to reinstate plaintiffs' Labor Law § 241 (6) cause of action, and otherwise affirmed, without costs.

We agree with the motion court that the lack of evidence that plaintiff employee fell or was struck directly by a falling object is not fatal to his Labor Law § 240 (1) cause of action, since the facts, as asserted by plaintiffs, suggest that the injuries were caused by a defective safety "device, '[that] proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object' " (*Dominguez v Lafayette-Boynton Hous. Corp.*, 240 AD2d 310, 312, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *see, e.g., Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194). We disagree with the motion court, however, as to its dismissal of plaintiffs' Labor Law § 241 (6) claim. Based on evidence that a hand-cranked hoist, although expected to lock automatically with a click, did not do so, a triable issue of fact is raised as to whether the Industrial Code provision requiring "an effective pawl and ratchet" mechanism on manually-operated material hoists (12 NYCRR 23-6.1 [j] [1]) was violated. The duty imposed by the cited Code provision is sufficiently specific that its breach may serve as a ground for imposing liability pursuant to Labor Law § 241 (6) (*see, Mattison v Wilmot*, 228 AD2d 991, 992, *lv dismissed* 89 NY2d 917; *cf., Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842). Moreover, unlike the situation here, in *Brown v New York City Economic Dev. Corp.* (234 AD2d 33, 34), which the motion court felt constrained to follow, the plaintiff's injury was unrelated to the hoisting device in use at the time. Concur—Sullivan, J. P., Tom, Lerner and Andrias, JJ.