■ RICHARD A. COLE, M.D., Appellant, v LAWRENCE HEALTH-CARE ADMINISTRATIVE SERVICES, INC., et al., Defendants, and CITY OF JAMESTOWN EMPLOYEE BENEFIT PROGRAM et al., Respondents. [789 NYS2d 569]—

Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered December 8, 2003. The order and judgment granted the motion of defendant Northeastern District of Christians and Missionary Alliance for judgment notwithstanding the verdict and dismissed the third amended complaint against it.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to plaintiff's contention, Supreme Court properly granted the motion of defendant Northeastern District of Christians and Missionary Alliance (NED) for judgment notwithstanding the verdict pursuant to CPLR 4404 (a). Plaintiff commenced this breach of contract action seeking, inter alia, reimbursement for medical costs allegedly owed by NED to him based on his treatment of a certain patient. The patient had assigned to plaintiff's corporation the right to receive the reimbursement for medical costs directly from NED, and the corporation had assigned that right to plaintiff. At trial, however, plaintiff failed to submit any evidence that NED was legally obligated to provide medical insurance to the patient or that the patient could validly assign the contractual benefits to a third party.

We reject plaintiff's contention that the court's prior denial of the motion of NED for summary judgment dismissing the third amended complaint against it, which order was ultimately affirmed by this Court (*Cole v Lawrence Healthcare Admin. Servs.*, 12 AD3d 1068 [2004]), constituted the law of the case (*see Strouse v United Parcel Serv.*, 277 AD2d 993 [2000]; *Hammond v International Paper Co.*, 178 AD2d 798, 799-800 [1991]; *Sackman-Gilliland Corp. v Senator Holding Corp.*, 43 AD2d 948, 949 [1974], *lv denied* 34 NY2d 515 [1974]; *see generally Puro v Puro*, 79 AD2d 925, 926 [1981]). We likewise reject plaintiff's further contention that NED's responses to a notice to admit conclusively established NED's liability. The responses at issue did not establish as a matter of law that NED had a contractual obligation to pay the patient's medical bills and, at trial, plaintiff failed to prove the existence of any such contract

or a breach thereof. Thus, as the court properly determined, "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.