■ KEITH ADAMS, Appellant, v FRED ALVARO CONSTRUCTION CORPORATION, INC., Respondent. (And a Third-Party Action.)— Mahoney, P. J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered October 31, 1989 in Albany County, which granted defendant's motion for partial summary judgment dismissing plaintiff's second and third causes of action.

On January 10, 1986 plaintiff, an employee of Gerrity Company, Inc., delivered building supplies on a flatbed truck to lot 13, Woodbridge Street in the City of Albany. Lot 13 and adjacent lot 15, owned by defendant, were part of a subdivision being developed by defendant. On the date of delivery foundations had been excavated and poured on both lots, but the actual framing of a house had commenced only on lot 15 although, according to defendant's president's affidavit, "the framing [on lot 13] was to commence".

After parking the truck on lot 13, as instructed by defendant's representative, plaintiff activated the vehicle's hydraulic device which caused the front portion of the flatbed to elevate and the building materials to slide off the lower portion onto the ground. While this process was ongoing, a portion of the load became lodged between the rear of the truck and the ground. Fearful that the building materials might be damaged, defendant's representative ordered plaintiff to shut off the hydraulic device and to assist him in manually removing the materials from the truck. During the manual removal some materials became dislodged and fell on plaintiff. As a result plaintiff suffered a dislocation of his left leg and hip which required surgery and traction.

Subsequently, plaintiff commenced this action alleging common-law negligence and violations of Labor Law § 240 (1) and § 241 (6). After answering, defendant moved for partial summary judgment dismissing the second and third causes of action alleging violations of the Labor Law. Supreme Court granted the motion. This appeal by plaintiff ensued. We reverse.

Supreme Court erred in concluding that, as a matter of law, the absence of construction activity on lot 13 precluded a finding of liability pursuant to the invoked statutes. Generally, the scope of a work site must be reviewed as "a flexible concept, defined not only by the place but by the circumstances of the work to be done" (Holgerson v South 45th St. Garage, 16 AD2d 255, 258, affd 12 NY2d 1011). We have

recognized this principle in Labor Law § 240 (1) cases *(see, e.g., Ploof v B. I. M. Truck Serv.,* 53 AD2d 750, *lv denied* 40 NY2d 803)* and Labor Law § 241 (6) cases *(see, e.g., Sprague v Louis Picciano, Inc.,* 100 AD2d 247, *lv denied* 62 NY2d 605)*. For example, we have noted that "the proximity of material or equipment to the actual construction site is not necessarily dispositive of whether liability exists away from the site, where a showing is made that the material or equipment is being readied for use in connection with the construction/ excavation" *(supra,* at 250).

Here, there is proof by plaintiff that the manner and location of unloading occurred at defendant's explicit direction for defendant's purposes in the ongoing construction, including imminent framing, on lot 13. To this extent, the unloading reasonably could be seen as an integral part of defendant's construction work and, therefore, is actionable under Labor Law § 240 (1) *(see, e.g., Ploof v B. I. M. Truck Serv., supra)*. Defendant's contrary contention is premised upon a strict and narrow construction of the Labor Law. The Court of Appeals, however, has indicated that Labor Law § 240 (1) must " 'be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed' " *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521, quoting *Quigley v Thatcher,* 207 NY 66, 68). Since the purpose of this statute is to provide workers with protection from the hazards of their employment, we have no hesitancy in finding that the facts presented could support the conclusion that plaintiff was delivering and unloading materials to be imminently used in the ongoing construction on lot 13, a situation within the scope of the statute, so that the failure to provide devices necessary to ensure proper protection is actionable under Labor Law § 240 (1).

Likewise, Supreme Court erred in dismissing plaintiff's third cause of action based on Labor Law former § 241 (6). This section imposes a nondelegable duty on owners and general contractors for a breach of the requirements of the implementing regulations, irrespective of their control or supervision of the work site *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300). Again, the issue is whether the delivery site could be found to be an "area" within the scope of the statute. Here, there are facts from which one could conclude that the building materials that were unloaded on lot 13 were intended for imminent use in the ongoing construction of a building on lot 13 so that a cause of action under Labor Law § 241 (6) is stated *(see, e.g., Kemp v Lakelands Precast,* 84 AD2d 630, *mod*

*on other grounds* 55 NY2d 1032). Thus, based upon clear support in the record that construction on lot 13 had started and that framing was set "to commence", we are constrained to conclude that summary judgment dismissing plaintiff's second and third causes of action is inappropriate. Accordingly, Supreme Court's order should be reversed.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.