■ KURTIS K. KVANDAL et al., Respondents, v WESTMINSTER PRESBYTERIAN SOCIETY OF BUFFALO, INC., Appellant and Third-Party Plaintiff. LEHIGH CONSTRUCTION GROUP, INC., Third-Party Defendant-Respondent. [678 NYS2d 185] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's motion for summary judgment seeking dismissal of the Labor Law § 200 and common-law negligence causes of action. Kurtis K. Kvandal (plaintiff), an employee of third-party defendant, was injured when he stepped off a ladder onto a nail while performing drywall work on premises owned by defendant. Although a representative of defendant visited the worksite daily to observe the progress of the project, the record contains no proof that defendant actually supervised or controlled work to sustain those causes of action (*see, e.g., Riley v Stickl Constr. Co.,* 242 AD2d 936; *Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049, 1050).

The court properly denied, however, that part of defendant's motion for summary judgment seeking dismissal of the Labor Law § 241 (6) cause of action. Plaintiffs allege that defendant violated 12 NYCRR 23-1.7 (e) and 23-2.1 (b) by permitting a nail to remain on the floor of the worksite. Those regulations set forth specific standards of conduct that are sufficient to support the Labor Law § 241 (6) cause of action (*see generally,*

*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-504). Plaintiffs raised triable issues of fact whether those standards were violated.

Consequently, we modify the order by granting in part defendant's motion for summary judgment and dismissing the Labor Law § 200 and common-law negligence causes of action. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.