■ CLYDE COLEMAN et al., Appellants, v ISG LACKAWANNA SERVICES, LLC, et al., Respondents. [902 NYS2d 480]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered April 20, 2009 in a personal injury action. The order granted defendants' motion for summary judgment and denied plaintiffs' cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 241 (6) cause of action insofar as it is premised upon the alleged violation of 12 NYCRR 23-2.1 (b) and reinstating the derivative cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Clyde Coleman (plaintiff) when he was operating a diesel-powered water blasting unit (unit) at defendants' facility. We note at the outset that the only issues not abandoned by plaintiffs' appeal concern the Labor Law § 241 (6) cause of action insofar as it is premised upon the alleged violation of 12 NYCRR 23-1.10 (b) and 23-2.1 (b) (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We reject the contention of plaintiffs that Supreme Court erred in granting that part of defendants' motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is premised upon the alleged violation of 12 NYCRR 23-1.10 (b). Defendants met their burden of establishing that 12 NYCRR 23-1.10 (b) is not applicable to the facts of this case because the unit is not an electrical or pneumatic hand tool (*see Szafranski v Niagara Frontier Transp. Auth.*, 5 AD3d 1111, 1113 [2004]). We agree with plaintiffs, however, that the court erred in dismissing the Labor Law § 241 (6) cause of action insofar as it is premised upon the alleged violation of 12 NYCRR 23-2.1 (b), and we therefore modify the order accordingly. Section 241 (6) applies to "[a]ll areas in which . . . demolition work is being performed" and, pursuant to the Industrial Code, demolition work means "work incidental to or associated with the total or partial dismantling or razing of a building or other structure including the removing or dismantling of machinery or other equipment" (12 NYCRR 23-1.4 [b] [16]; *see Wade v Atlantic Cooling Tower Servs., Inc.*, 56 AD3d 547, 549 [2008]; *Pino v Robert Martin Co.*, 22 AD3d 549, 551-552 [2005]; *Lozo v Crown Zellerbach Corp.*, 142 AD2d 949 [1988]). Defendants failed to establish as a matter of law that plaintiff's work was not "incidental to or associated with the . . . dismantling" of the skin mill at their facility (*see Ruiz v 8600 Roll Rd.*, 190 AD2d 1030, 1031 [1993]; *cf. Rosen v General Elec. Co.*, 204 AD2d 978 [1994]; *Meehan v Mobil Oil Corp.*, 184 AD2d 1021 [1992], *lv dismissed* 80 NY2d 925 [1992], *lv denied* 85 NY2d 804 [1995]). Further, contrary to defendants' contention, 12 NYCRR 23-2.1 (b) is sufficiently specific to support the Labor Law § 241 (6) cause of action (*see Scally v Regional Indus. Partnership*, 9 AD3d 865, 868 [2004]; *Kvandal v Westminster Presbyt. Socy. of Buffalo*, 254 AD2d 818 [1998]), and defendants failed to establish that the regulation is not applicable to the facts of this case (*cf. Scally*, 9 AD3d at 868). Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.