■ SCOTT GONNERMAN, Appellant, v LAURA HUDDLESTON et al., Defendants, and LIGHTING MAINTENANCE, INC., Respondent. [913 NYS2d 670]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Galasso, J.), entered July 15, 2009, as, upon granting that branch of the motion of the defendant Lighting Maintenance, Inc., pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the cause of action to recover damages based upon a violation of Labor Law § 241 (6), and upon a jury verdict on the issue of liability, inter alia, finding the defendant Laura Huddleston 60% at fault and finding that the defendant Lighting Maintenance, Inc., was negligent, but that its negligence was not a substantial factor in causing the accident, is in favor of the defendant Lighting Maintenance, Inc., and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Lighting Maintenance, Inc., and substituting therefor a provision dismissing the cause of action

to recover damages for negligence insofar as asserted against that defendant; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendant Lighting Maintenance, Inc., that branch of the motion of the defendant Lighting Maintenance, Inc., pursuant to CPLR 4401 which was for judgment as a matter of law dismissing the cause of action to recover damages based upon a violation of Labor Law § 241 (6) is denied, that cause of action is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial as to the defendant Lighting Maintenance, Inc., on the cause of action to recover damages based upon a violation of Labor Law § 241 (6) and 12 NYCRR 23-1.29, for reapportionment of liability if necessary, and for the entry of an appropriate amended judgment thereafter.

On December 11, 2000, in connection with a construction project to improve lighting on the Meadowbrook State Parkway and the Loop Parkway, the plaintiff, a truckdriver, delivered lightpoles to a staging area for the project. The staging area, which was located on the left side of an exit ramp that curved to the right, was used for, among other things, the assembly of the delivered lighting fixtures. The components of the completed lighting equipment consisted of the poles that the plaintiff delivered, as well as an arm, the actual lighting fixture, wiring, and a decorative attachment. After the components were fully assembled, the completed equipment would be transported to the location of their installation along the highways. As the plaintiff's truck was being unloaded and the plaintiff stood nearby, the defendant Laura Huddleston, who was driving on the exit ramp, lost control of her vehicle, and the vehicle entered the staging area and struck the plaintiff, injuring him. The plaintiff commenced this action against Huddleston, the project engineer, Maitra Associates, P.C. (hereinafter Maitra), and the contractor, Lighting Maintenance, Inc. (hereinafter LMI). The plaintiff asserted causes of action alleging, inter alia, common-law negligence and, against LMI, to recover damages based upon a violation of Labor Law § 241 (6). The cause of action to recover damages based upon a violation of Labor Law § 241 (6) was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.29. The case proceeded to trial and, at the close of the plaintiff's case, LMI moved, inter alia, pursuant to CPLR 4401 for judgment as a matter of law dismissing the plaintiff's cause of action to recover damages based upon a violation of Labor Law § 241 (6). The trial court reserved decision and later granted the motion. Additionally, the trial court refused to instruct the jury on the applicability of certain federal and state regulations, and later withdrew from the exhibits the content of

those provisions. The jury found that Huddleston was 60% at fault for the plaintiff's injuries and that Maitra was 40% at fault. It also found that LMI was negligent, but that its negligence was not a substantial factor in causing the plaintiff's injuries. The Supreme Court entered judgment, and the plaintiff appeals. We modify.

The protection afforded workers by Labor Law § 241 (6) is not limited to construction involving buildings, but extends to workers involved in, among other things, road construction projects (*see Mosher v State of New York*, 80 NY2d 286, 289 [1992]; *Ares v State of New York*, 80 NY2d 959, 960 [1992]). Further, its protections are not limited to the actual site of the construction. "Generally, the scope of a work site must be reviewed as 'a flexible concept, defined not only by the place but by the circumstances of the work to be done'" (*Adams v Alvaro Constr. Corp.*, 161 AD2d 1014, 1014 [1990], quoting *Holgerson v South 45th St. Garage*, 16 AD2d 255, 258 [1962], *affd* 12 NY2d 1011 [1963]). Thus, Labor Law § 241 (6) extends to areas where materials or equipment are being readied for use (*see Adams v Alvaro Constr. Corp.*, 161 AD2d at 1015), as opposed to areas where they are merely stored for future use (*see Sprague v Louis Picciano, Inc.*, 100 AD2d 247, 250 [1984]; *La France v Niagara Mohawk Power Corp.*, 89 AD2d 757, 758 n [1982]). Here, the evidence ·was undisputed that the lightpoles the plaintiff was delivering to the staging area were also being assembled there. The evidence regarding the use of the staging area for assembly of the lightpoles for transport to the various points of installation was sufficient to establish that the staging area was a construction site, and that the plaintiff was engaged in construction work within the meaning of the statute. Next, section 23-1.29 (a) of the Industrial Code (12 NYCRR) provides in part that "[w]henever any construction . . . is being performed . . . in close proximity to a . . . highway or any other location where public vehicular traffic may be hazardous to the persons performing such work, such work area shall be so fenced or barricaded as to direct such public vehicular traffic away from such area, or such traffic shall be controlled by designated persons." Although there is no evidence that use of the staging area interfered with the traffic flow on the exit ramp, it cannot be said as a matter of law that it was not in "close proximity" to a highway or any other location where public vehicular traffic may be hazardous to the persons performing such work. Consequently, the Supreme Court erred in dismissing the cause of action to recover damages based upon a violation of Labor Law § 241 (6) as a matter of law.

However, contrary to the plaintiff's contention, the trial court

did not err in refusing to instruct the jury on the applicability of certain federal and regulatory provisions, inasmuch as those provisions were not applicable to the staging area, which did not extend onto the roadway.

The plaintiff's remaining contention is without merit. Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.