# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1369**
**CA 11-00457**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

JEFFREY DIPALMA, CLAIMANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 111910.)

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA, LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANT-APPELLANT.

CANTOR, LUKASIK, DOLCE & PANEPINTO, P.C., BUFFALO (STEPHEN C. HALPERN OF COUNSEL), FOR CLAIMANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Jeremiah J. Moriarty, III, J.), dated November 26, 2010 in a personal injury action. The judgment determined defendant to be 100% liable pursuant to Labor Law § 240 (1) and § 241 (6).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when a large "skid box" containing concrete debris slid off of a forklift and struck him. Following the liability portion of a bifurcated trial, the Court of Claims determined that defendant, the property owner, was liable for claimant's injuries pursuant to Labor Law § 240 (1) and § 241 (6). Defendant contends that the court should have applied the falsus in uno doctrine and discredited claimant's trial testimony concerning the way in which the accident occurred because that testimony differed in some respects from claimant's deposition testimony. We reject that contention. The falsus in uno doctrine permits a factfinder to disregard entirely the testimony of a witness who has willfully testified falsely with respect to any material fact. The doctrine, however, is "not mandatory," and the court is free to credit any part of a witness's testimony that it deems true and disregard what it deems false (*People v Johnson*, 225 AD2d 464, 464; *see Accardi v City of New York*, 121 AD2d 489, 490-491). The inconsistencies identified by defendant are not so significant as to render claimant's trial testimony incredible as a matter of law, and the court's determination to credit that testimony, at least in part, is entitled to deference (*see Ring v State of New York*, 8 AD3d 1057, *lv denied* 3 NY3d 608; *Goncalves v State of New York*, 1 AD3d 914; *see generally Northern Westchester Professional Park Assoc. v Town of*

*Bedford*, 60 NY2d 492, 499).  We note that claimant's trial testimony was consistent with that of the other witnesses who were present when the accident occurred.

Defendant further contends that Labor Law § 240 (1) is inapplicable because there was no significant height differential between the skid box and the platform onto which it fell, where claimant was working at the time of the accident.  We reject that contention.  The "core premise" of our Labor Law § 240 (1) jurisprudence is "that a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability" (*Wilinski v 334 East 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 4).  Here, similar to the plaintiff in *Wilinski*, claimant "suffered harm that 'flow[ed] directly from the application of the force of gravity' " to the object that struck him (*id.*).  Moreover, "the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603), and the experts who testified on behalf of both parties agreed that the failure to use a protective device to secure the skid box to the forklift was improper.  Although the skid box fell only one or two feet before it struck claimant, in light of the weight of the skid box and its contents, as well as the potential harm that it could cause, it cannot be said that the elevation differential was de minimis (*see id.* at 605).

We also reject defendant's contention that the court erred in determining that it was liable under Labor Law § 241 (6).  The section 241 (6) cause of action was based on an alleged violation of 12 NYCRR 23-2.1 (b), pursuant to which "[d]ebris shall be handled and disposed of by methods that will not endanger any person employed in the area of such disposal or any person lawfully frequenting such area."  We have previously held that 12 NYCRR 23-2.1 (b) is sufficiently specific to support liability under section 241 (6) (*see Coleman v ISG Lackawanna Servs., LLC*, 74 AD3d 1825; *Kvandal v Westminster Presbyt. Socy. of Buffalo*, 254 AD2d 818).  It is undisputed that claimant was injured while in the process of removing debris and, contrary to defendant's contention, it is not necessary for claimant to have been struck by debris for the regulation to apply (*see Coleman*, 74 AD3d 1825).  In any event, the record contains evidence that claimant was in fact struck by debris that fell out of the skid box, in addition to the skid box itself.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court