# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**405**
**CA 15-01567**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

KATHLEEN ST. JOHN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WESTWOOD-SQUIBB PHARMACEUTICALS, INC.,
DEFENDANT-APPELLANT.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JOSHUA P. RUBIN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered December 16, 2014. The order, among other
things, denied defendant's motion for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting defendant's motion in part
and dismissing the Labor Law § 241 (6) cause of action insofar as it
is premised upon the alleged violation of 12 NYCRR 23-1.7 (d), and
(e) (1) and (2), and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries she sustained when she
allegedly tripped or slipped on debris while she was attempting to
attach lighting equipment to the trailer hitch of a pickup truck. The
lighting equipment was being prepared for use in a project to
rehabilitate several bridges that were located on a public roadway.
The accident occurred in a parking lot that was owned by defendant and
was adjacent to the roadway where the bridges were located.
Defendant's parent corporation, which is not a party to this action,
leased the parking lot to plaintiff's employer for use as a staging
area for the project. Defendant appeals from an order that denied its
motion for summary judgment dismissing the complaint.

Defendant contends that plaintiff was not entitled to the
protections of Labor Law § 241 (6) because the injury did not occur on
the construction site. We reject that contention. The protections of
Labor Law § 241 (6) "extend[] to areas where materials or equipment
are being readied for use" at a construction site (*Gonnerman v
Huddleston*, 78 AD3d 993, 995), and the record establishes that the
lighting equipment was being prepared in the staging area "for

imminent use in the ongoing construction" project (*Adams v Alvaro Constr. Corp.*, 161 AD2d 1014, 1015; *see Scott v Westmore Fuel Co., Inc.*, 96 AD3d 520, 520; *Gonnerman*, 78 AD3d at 995; *Shields v General Elec. Co.*, 3 AD3d 715, 717).

Contrary to defendant's further contention, it did not establish as a matter of law that it is not a property owner for the purposes of Labor Law § 241 (6).  An out-of-possession property owner who does not contract for the injury-producing work may be liable under the Labor Law when there is "some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest" (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51; *see Morton v State of New York*, 15 NY3d 50, 56; *see also Fronce v Port Byron Tel. Co., Inc.*, 134 AD3d 1405, 1406).  We conclude that defendant failed to establish that the lease between its parent corporation and plaintiff's employer did not create a sufficient nexus between defendant and plaintiff (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

We reject defendant's contention that collateral estoppel bars plaintiff's Labor Law § 241 (6) cause of action insofar as it is based upon alleged violations of 12 NYCRR 23-1.7 (d), and (e) (1) and (2).  In a prior action in the Court of Claims, plaintiff alleged that the State of New York (State) was liable for her injuries under Labor Law § 241 (6) based upon violations of those same regulations.  In granting the State's motion for summary judgment dismissing the claim, the Court of Claims concluded, inter alia, that those regulations were not applicable to plaintiff's injury, and we affirmed the order on the alternative ground that the State was not an "owner" for the purposes of liability under § 241 (6) (*St. John v State of New York*, 124 AD3d 1399, 1400).  Thus, collateral estoppel does not prevent plaintiff from alleging in this case that her injury was caused by violations of those regulations because there "was an alternative basis for a trial-level decision, [and this C]ourt affirmed the decision without addressing that ruling" concerning the applicability of the regulations (*Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 197).

Nevertheless, we agree with defendant that 12 NYCRR 23-1.7 (d), and (e) (1) and (2) are not applicable to the facts of this case, and we therefore modify the order accordingly.  The injury-producing work took place in a parking lot, and thus did not take place on a "floor, passageway, walkway, scaffold, platform or other elevated work surface" required to be kept free of slipping hazards within the meaning of section 23-1.7 (d) (*see Bannister v LPCiminelli, Inc.*, 93 AD3d 1294, 1295-1296; *Talbot v Jetview Props., LLC*, 51 AD3d 1396, 1397-1398).  The work also did not take place in a "passageway" required to be kept free of tripping and other hazards within the meaning of section 23-1.7 (e) (1) (*see Steiger v LPCiminelli, Inc.*, 104 AD3d 1246, 1250), nor did it take place on a "floor[], platform[] [or] similar area[] where persons work or pass" within the meaning of section 23-1.7 (e) (2) (*see Raffa v City of New York*, 100 AD3d 558, 559; *Bauer v Niagara Mohawk Power Corp.*, 249 AD2d 948, 949). Plaintiff failed to raise a triable issue of fact with respect to the

applicability of those regulations (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to defendant's contention, 12 NYCRR 23-2.1 (b) is sufficiently specific to support a Labor Law § 241 (6) cause of action (*see Coleman v ISG Lackawanna Servs., LLC*, 74 AD3d 1825, 1826), and Supreme Court properly determined that defendant failed to establish that the regulation is not applicable to the facts of this case (*see generally Arenas v Bon-Ton Dept. Stores, Inc.*, 35 AD3d 1205, 1206; *Kvandal v Westminster Presbyt. Socy. of Buffalo*, 254 AD2d 818, 818-819). Thus, the court properly denied that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action with respect to that regulation.

Defendant also contends that the court erred in denying that part of its motion with respect to the Labor Law § 200 and common-law negligence causes of action. We reject that contention. Where, as here, "a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, [they stem] from a dangerous condition on the premises, [an owner] may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708; *see Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1416; *see also Finger v Cortese*, 28 AD3d 1089, 1089-1090). In this case, defendant failed to establish that it did not have constructive notice inasmuch as it " 'failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit [defendant] or [its] employees to discover and remedy it' " (*Steiger*, 104 AD3d at 1249; *see Ozimek*, 83 AD3d at 1416-1417). Although defendant contends that it was not liable because it was an out-of-possession landlord and did not have control over the premises (*see Ferro v Burton*, 45 AD3d 1454, 1454-1455), we conclude that defendant failed to establish that it did not retain sufficient control to be liable for a dangerous condition on the premises (*see generally Meyers-Kraft v Keem*, 64 AD3d 1172, 1173).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court