■ JUAN ALMANZAR, Respondent, v GOVAL REALTY CORP., Appellant. [729 NYS2d 133] —Order, Supreme Court, Bronx County (George Friedman, J.), entered November 14, 2000, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and plaintiff's section 240 (1) claim dismissed.

Plaintiff was hired to fix the retractable ladder which hung from a fire escape. His intent was to take the ladder (which

was bent after having been hit by a truck) off the fire escape, and bring it to the ground to realign it. To do so, he climbed a stepladder next to the fire escape with tools in his hand. The parties provide conflicting accounts of the events immediately preceding the accident, but it is uncontested that plaintiff put his arm through the rungs of the fire escape ladder, which fell on his arm, injuring him. The issue on appeal is whether plaintiff's accident was caused by a contemplated Labor Law § 240 (1) gravity-related hazard. The motion court denied defendant's motion for summary judgment dismissing the claim, finding that the risk was covered by the standard set forth in *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 514 ["The contemplated hazards are those related to the effects of gravity where protective devices are called for * * * because of * * * a difference between the elevation level where the worker is positioned and the higher level of the materials or load being * * * secured"]). We reverse, and dismiss this claim.

In *Capparelli v Zausmer Frisch Assocs.*, the companion case to *Narducci v Manhasset Bay Assocs.* (96 NY2d 259), the Court of Appeals recently addressed a factual situation very similar to the one presented here. The plaintiff in *Capparelli* was on a ladder installing light fixtures into a dropped ceiling grid when one of the fixtures fell on his arm. The Court of Appeals held that Labor Law § 240 (1) was inapplicable, stating:

"Plaintiff's job was to secure the light fixture into place after he hoisted it into the ceiling grid. The ceiling that plaintiff was working at was ten feet high, while the ladder he was given was eight feet tall. Plaintiff was standing no less than halfway up the ladder when the light fixture fell on his arm, causing the injury.

"Under these undisputed facts, there was no height differential between plaintiff and the falling object. Plaintiff was working at ceiling level when his accident occurred. That being so, this is not a case that entails the hazards presented by 'a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured' (*Rocovich v Consolidated Edison Co., supra,* 78 NY2d, at 514). The fact that gravity worked upon this object which caused plaintiff's injury is insufficient to support a section 240 (1) claim (*see, Rodriguez v Tietz Ctr. for Nursing Care, supra,* 84 NY2d 841; *Terry v Mutual Life Ins. Co.,* 265 AD2d 929; *Sutfin v Ithaca Coll.,* 240 AD2d 989).

"While many workplace accidents, including this one, could be classified as 'gravity-related' occurrences stemming from improperly hoisted or inadequately secured objects, courts may

nonetheless distinguish those occurrences that do not fit within the Legislature's intended application of Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* 81 NY2d, at 501; *see also,* Temkin, *New York's Labor Law section 240: Has it Been Narrowed or Expanded by the Courts Beyond the Legislative Intent?,* 44 NYL Sch L Rev 45 [2000]). **The exclusion made for the de minimis elevation differential in this case is appropriate.**" (*Id.* at 269-270 [emphasis supplied].)

Here the undisputed facts establish that plaintiff's stepladder was about 10 feet high, and the fire escape, in its suspended state, was about 10 to 12 feet off the ground. Plaintiff specifically testified that his head was located about a foot above the fire escape platform. In the circumstances, while plaintiff's injuries may have occurred because the fire escape ladder was inadequately secured, there was no significant elevation-related differential between his arm and the fire escape ladder. Accordingly, plaintiff's claim does not fall within the contemplated hazards covered by Labor Law § 240 (1) claim (*Narducci, supra; Capparelli, supra*). Concur—Nardelli, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.