■ DANIEL B. SCHWAB et al., Appellants, v A.J. MARTINI, INC., et al., Respondents. [732 NYS2d 474] —Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered August 18, 2000 in Schenectady County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

On September 2, 1994, plaintiff Daniel B. Schwab (hereinafter plaintiff) was engaged as a plasterer at the Nott Memorial building located on the campus of defendant Union College.* Union had hired defendant A.J. Martini, Inc. (hereinafter Martini), as the general contractor to restore the Memorial, and plaintiff was employed by a subcontractor engaged by Martini. According to plaintiff, while he was standing on scaffolding approximately five feet above ground level, a fellow laborer on the ground handed up a bucket of plaster; when plaintiff squatted down and grabbed the bucket and the other worker let go, the weight of the bucket jerked plaintiff's hands and upper body downward. Plaintiff and his wife, derivatively, commenced this action against defendants alleging claims based upon Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. Plaintiff did not fall off of the scaffold but asserts that as a result of the incident, he suffered back injuries. At issue on this appeal by plaintiffs is the propriety of Supreme Court's order granting summary judgment to defendants dismissing plaintiffs' complaint in its entirety.

We affirm. With regard to plaintiffs' claim premised upon Labor Law § 240 (1), plaintiffs contend that the bucket constituted a "falling object" and that plaintiff's injury resulted from the operation of gravity on the bucket, which pulled him down due to the absence of a suitable hoist. Liability under Labor Law § 240 (1) is contingent upon the existence of specific types

---

* The Trustees of Union College, alleged to be the operator of Union College, is also named as a defendant in this action. References to Union include both of these defendants.

of elevation-related occupational hazards which result in injuries from an accident that is proximately caused by the failure to use, or the inadequacy of, a safety device of the kind enumerated therein (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501; *Roberts v General Elec. Co.,* 282 AD2d 791, 793, *appeal dismissed* 96 NY2d 897). While section 240 (1) was designed to prevent the types of accidents in which the enumerated protective devices "proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co, supra,* at 501 [emphasis omitted]), the exceptional protections provided by this absolute liability statute have been narrowly "limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*id.,* at 501; *see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514), that is, to "falling worker" and "falling object" accidents (*see, Narducci v Manhasset Bay Assocs.,* 96 NY2d 259, 267-268). Plaintiffs concede that plaintiff did not fall and, thus, rely solely upon the falling object rubric.

Here, the hazard causing plaintiff's injury—a fellow worker handing plaintiff a heavy object—was only tangentially connected with the effects of gravity (*see, Sutfin v Ithaca Coll.,* 240 AD2d 989, 990) as, indeed, gravity is invariably a factor when objects or people fall (*see, Almanzar v Goval Realty Corp.,* 286 AD2d 278). However, the "special hazards" protected by Labor Law § 240 (1) "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501 [emphasis in original]). The fact that plaintiff was working at an elevation when the object allegedly "fell" is irrelevant to a "falling object" analysis, as the risk that plaintiff's co-worker might drop his end of the heavy bucket or that plaintiff's arm might be pulled down by the weight of the bucket existed regardless of whether plaintiff was standing on a scaffold or elevated site (*see, Narducci v Manhasset Bay Assocs., supra,* at 268; *Sutfin v Ithaca Coll., supra,* at 991). Clearly, the bucket that plaintiff was grabbing from his co-worker below did not constitute a falling object as it could not be said that the bucket fell "up" onto plaintiff, and plaintiff's work site was not "positioned below the level where 'materials or load [are] hoisted or secured'" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501, quoting *Rocovich v Consolidated Edison Co., supra,* at 514). Consequently, even if plaintiff's injuries were caused by the absence of a hoist or other safety device, they were not the result of the limited type of elevation-relation

hazards encompassed by Labor Law § 240 (1), and there is no basis for liability under that statute (*see, Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, *supra; Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra; Rissel v Nornew Energy Supply*, 281 AD2d 880; *Fills v Merit Oil Corp.*, 258 AD2d 556; *see also, Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844). Rather, we find that plaintiff's injuries resulted from "the type of 'ordinary and usual' peril a worker is commonly exposed to at a construction site" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 489). Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action.

Plaintiffs' claim under Labor Law § 241 (6) must also fail. Labor Law § 241 (6) requires owners and contractors to "provide reasonable and adequate protection and safety" for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of Labor (Labor Law § 241 (6); *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502, *supra; see also, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878; *Knudsen v Pentzien, Inc.*, 209 AD2d 909, 910). Under established precedent, plaintiffs' reliance upon 12 NYCRR 23-1.5, which merely restates "the common-law duty to provide a safe working environment" (*Knudsen v Pentzien, Inc.*, *supra*, at 911), does not satisfy the requirement that a Labor Law § 241 (6) claim must refer to a violation of a specific standard in the implementing regulations (*see, Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842). Likewise, plaintiffs' motion to amend their bill of particulars, denied by Supreme Court, sought to assert violations of 12 NYCRR 23-1.2 (e) and 23-6.1 (a) and (b), provisions which merely "relate to general safety standards and are not concrete specifications sufficient to impose a duty on defendant[s]" (*id.*, at 842).

Plaintiffs' Labor Law § 200 was also properly dismissed. Under this statute, which codifies the common-law duty of landowners and general contractors to maintain a safe workplace, an owner or general contractor will not be held responsible for the negligent acts of those over whom they had no control (*see*, Labor Law § 200 [1]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 505; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299). A review of the provisions of the contract between Union and Martini, upon which plaintiffs rely, demonstrates that Union's responsibilities were limited and did not govern the plaster work involving plaintiff. Similarly, plaintiffs have failed to show that Martini controlled the site of

the injury or had notice, actual or constructive, of the unsafe condition (*see*, *Riccio v Shaker Pine*, 262 AD2d 746, 748, *lv dismissed* 93 NY2d 1042; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642; *Karian v Anchor Motor Frgt.*, 144 AD2d 777, 778). At most, the record illustrates that Martini had a general presence and supervisory role on the work site but did not specifically direct the method or manner of work by plaintiff (*see*, *Riccio v Shaker Pine*, *supra*, at 748). Accordingly, Supreme Court properly granted defendants' motion dismissing plaintiffs' Labor Law § 200 and common-law negligence causes of action.

We have examined plaintiffs' remaining contentions and determine that they lack merit.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.