■ IRL HASTY, JR., Appellant, v SOLVAY MILL LIMITED PARTNERSHIP et al., Respondents. [760 NYS2d 795] —Appeal from that part of an order of Supreme Court, Onondaga County (Carni, J.), entered July 10, 2002, that granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for back injuries he sustained while carrying steel purlins, to be used in the construction of the roof of a building. The purlins were approximately 20 feet long and weighed a minimum of 50 to 75 pounds. On the day before plaintiff's accident, the purlins were stacked onto the I-beams of the roof by the use of a crane, but the crane was no longer at the job site on the day of the accident. Plaintiff's back "popped" while plaintiff and his coworker were manually placing the purlins into position. Defendants moved for summary judgment dismissing the complaint, and plaintiff opposed the motion only with respect to the claims pursuant to Labor Law § 240 (1) and § 241 (6), conceding that defendants are not liable under Labor Law § 200 or for common-law negligence. Thus, we address only the propriety of Supreme Court's dismissal of the claims pursuant to Labor Law § 240 (1) and § 241 (6).

Contrary to plaintiff's contention, Labor Law § 240 (1) is not applicable to the facts of this case. That section applies to falling worker or falling object cases (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]), and here plaintiff did not fall, nor did an object fall on him. The fact that plaintiff was injured while working at an elevation is not determinative (*see Schwab v A.J. Martini, Inc.*, 288 AD2d 654, 655 [2001], *lv denied* 97 NY2d 609 [2002]). "[E]ven if plaintiff's injuries were caused by the absence of a hoist or other safety device, they were not the result of the limited type of elevation-related hazards encompassed by Labor Law § 240 (1), and there is no basis for liability under that statute" (*id.* at 655-656). Plaintiff was exposed to the usual and ordinary dangers of a construction site and not the extraordinary elevation risks envisioned by Labor Law § 240 (1) (*see Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]), and thus the court properly granted that part of defendants' motion with respect to that claim.

The court also properly granted that part of defendants' motion with respect to the Labor Law § 241 (6) claim. Contrary to the contention of plaintiff, he has not alleged the violation of a specific regulation requiring the use of a mechanical device for moving the steel purlins to support the Labor Law § 241 (6) claim (*see Comes v New York State Elec. & Gas Corp.*, 189 AD2d 945, 946-947 [1993], *affd* 82 NY2d 876 [1993]). In support of that claim, plaintiff alleges the violation of 12 NYCRR 23-1.2 (e), 23-1.5, 23-2.3, and subparts 23-6 and 23-8. Section 23-1.2 (e) is not sufficiently specific to support a Labor Law

§ 241 (6) claim (*see Schwab,* 288 AD2d at 656; *McGrath v Lake Tree Vil. Assoc.,* 216 AD2d 877, 878 [1995]; *Biszick v Ninnie Constr. Corp.,* 209 AD2d 661 [1994]; *Narrow v Crane-Hogan Structural Sys.,* 202 AD2d 841, 842-843 [1994]). Similarly, section 23-1.5 sets forth only a general safety standard, which is insufficient to support a Labor Law § 241 (6) claim (*see Danchick v Contegra Servs.,* 299 AD2d 923, 924 [2002]; *Schwab,* 288 AD2d at 656; *Sihly v New York City Tr. Auth.,* 282 AD2d 337 [2001], *lv dismissed* 96 NY2d 897 [2001]; *Thompson v Marotta,* 256 AD2d 1124, 1125 [1998]; *McGrath,* 216 AD2d at 878).

We agree with plaintiff that 12 NYCRR 23-2.3 (a) (1) is sufficiently specific to support a Labor Law § 241 (6) claim (*see Young v Buffalo Color Corp.,* 255 AD2d 920 [1998]), but we conclude that the regulation is inapplicable to the facts of this case. Section 23-2.3 (a) (1) provides in relevant part that, "[d]uring the final placing of structural steel members, loads shall not be released from hoisting ropes until such members are securely fastened in place." Even assuming, arguendo, that purlins are "structural steel members," we conclude that the regulation does not require that hoisting ropes be used for the placing of structural steel members. Rather, the regulation applies only when hoisting ropes are actually used for the placing of structural steel members. Thus, because no hoisting ropes were used by plaintiff, the regulation is inapplicable.

Finally, even assuming, arguendo, that subparts 23-6 and 23-8 are sufficiently specific to support the Labor Law § 241 (6) claim, we conclude that those subparts are inapplicable to the facts of this case. Although both subparts set forth standards for the use of hoisting devices, they do not specify when the use of such devices is required. Because no hoisting devices were used in this case, the regulations under subparts 23-6 and 23-8 do not apply (*see Flihan v Cornell Univ.,* 280 AD2d 994 [2001]; *Hawkins v City of New York,* 275 AD2d 634, 635 [2000]; *Smith v Homart Dev. Co.,* 237 AD2d 77, 79-80 [1997]; *Lysiak v Murray Realty Co.,* 227 AD2d 746, 750 [1996]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.