# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1252

CA 13-00824

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JERAD M. ZARNOCH,
PLAINTIFF-RESPONDENT-APPELLANT,

V

MEMORANDUM AND ORDER

ROBERT W. LUCKINA, INDIVIDUALLY AND DOING
BUSINESS AS ROB LUCKINA CONSTRUCTION,
DEFENDANT-APPELLANT-RESPONDENT.

---

ROSSI AND MURNANE, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL),
FOR DEFENDANT-APPELLANT-RESPONDENT.

EDWARD C. COSGROVE, BUFFALO, FOR PLAINTIFF-RESPONDENT-APPELLANT.

--------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered August 14, 2012 in a personal injury action. The order, inter alia, granted the motion of plaintiff for partial summary judgment on liability pursuant to Labor Law § 240 (1) on the condition that, at trial, plaintiff was not determined to be a special employee of defendant, and granted that part of defendant's cross motion for summary judgment dismissing the complaint with respect to the Labor Law § 241 (6) cause of action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while assisting defendant in raising an 18-by-18-foot exterior wall as part of the construction of a single-family residence. Plaintiff was an employee of the general contractor, and defendant was the framing subcontractor. Instead of using a crane, wall jack, or similar piece of equipment, defendant, plaintiff, and four other men began to raise the wall by hand. After they had lifted the edge of the wall above their heads, the men began to "walk the wall up." When the wall was at a 35-to-40-degree angle from the ground, defendant determined that it was too heavy to continue to raise and instructed the men to lower the wall. According to plaintiff, he was injured when the wall fell on him as the men attempted to lower it. Plaintiff subsequently moved for partial summary judgment on liability pursuant to Labor Law § 240 (1), and defendant cross-moved for summary judgment dismissing the complaint or, alternatively, for leave to amend the answer pursuant to CPLR 3025 (b) asserting as an affirmative defense that plaintiff was his special employee. Supreme Court granted plaintiff's motion on the

condition that it was determined at trial that plaintiff was not "defendant's special employee at the time of the accident," and granted that part of defendant's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. In addition, the court granted defendant's alternative request for relief, i.e., leave to amend the answer. Defendant appeals, and plaintiff cross-appeals. We affirm.

Contrary to defendant's contention, we conclude that the court properly granted plaintiff's motion. Plaintiff met his initial burden by establishing that he "suffered harm that 'flow[ed] directly from the application of the force of gravity' " to the wall that struck him (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7), and that his injury was " 'the direct consequence of [defendant's] failure to provide adequate protection against' " the gravity-related accident (*DiPalma v State of New York*, 90 AD3d 1659, 1660, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603; *see Wilinski*, 18 NY3d at 6; *McCallister v 200 Park, L.P.*, 92 AD3d 927, 928-929), and defendant failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We reject defendant's contention that the elevation differential was de minimis. Although the wall was at only a 30-degree angle from the ground when it fell on plaintiff, that elevation differential "cannot be viewed as de minimis, particularly given the weight of the [wall] and the amount of force it was capable of generating, even over the course of a relatively short descent" (*Runner*, 13 NY3d at 605; *see Wilinski*, 18 NY3d at 10; *DiPalma*, 90 AD3d at 1660).

We reject defendant's further contention that the court erred in denying those parts of his cross motion seeking summary judgment dismissing the causes of action for common-law negligence and for the violation of Labor Law § 200. Contrary to defendant's contention, the hazard of being injured while lifting an 18-by-18-foot wall is not an "open and obvious hazard inherent in the . . . work" of a construction worker (*Landahl v City of Buffalo*, 103 AD3d 1129, 1131 [emphasis omitted]). Defendant's further contentions that plaintiff assumed the risk of lifting the wall and that lifting the wall was a superseding cause of plaintiff's injury are similarly without merit.

Finally, contrary to plaintiff's contention, the court properly granted defendant's cross motion insofar as it sought leave to amend the answer. " 'Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend . . . is committed to the sound discretion of the court' " (*Palaszynski v Mattice*, 78 AD3d 1528, 1528; *see* CPLR 3025 [b]). Here, plaintiff failed to establish that he will be prejudiced by the proposed amendment, particularly in view of the fact that discovery has not been completed (*see A.W. v County of Oneida*, 34 AD3d 1236, 1238). Furthermore, the proposed amendment is "not patently lacking in merit" (*id.; see Landers v CSX Transp., Inc.*, 70 AD3d 1326, 1327).

Entered:  December 27, 2013                Frances E. Cafarell
                                           Clerk of the Court