# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**193**
**CA 14-01267**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

DANIEL CARR AND SUSAN CARR,
PLAINTIFFS-RESPONDENTS,

V                                         MEMORANDUM AND ORDER

MCHUGH PAINTING CO., INC., DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (MARK P. DONOHUE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BERNHARDI & LUKASIK LAW OFFICES, BUFFALO (DEAN P. SMITH OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered May 27, 2014. The order, inter alia, denied the motion of defendant McHugh Painting Co., Inc. for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendant McHugh Painting Co., Inc., and dismissing the Labor Law §§ 240 (1) and 241 (6) claims against it, and denying the cross motion in its entirety, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Daniel Carr (plaintiff) while he was installing a door on a single-family residence that was under renovation. Plaintiff, a carpenter, was employed by a subcontractor retained by McHugh Painting Co., Inc. (defendant), the general contractor, which had been hired to perform exterior renovation work on the residence. The accident occurred while plaintiff and another worker were installing a door in the second-floor master bedroom of the residence. Plaintiff and the worker were standing on a raised scissor lift, which was positioned at a distance of approximately 20 to 24 inches away from the opening to the bedroom. The gap existed because there were large slate steps at ground level, which prevented the scissor lift from being positioned closer to the residence. Plaintiff and his coworker lifted the door and were maneuvering it across the gap when plaintiff felt a "twinge" or "pop" in his lower back. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiffs' cross motion insofar as it sought partial summary judgment on the issue of liability under Labor Law § 240 (1). The court also granted

that part of plaintiffs' cross motion for leave to amend their response to defendant's interrogatories to allege an additional Industrial Code violation in support of their Labor Law § 241 (6) claim.

We reject defendant's contention that the court erred in denying those parts of its motion seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action. "Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide employees with a safe place to work" (*Anderson v Bush Indus.*, 280 AD2d 949, 950; *see Lombardi v Stout*, 80 NY2d 290, 294; *Jock v Fien*, 80 NY2d 965, 967). The duty does not, however, "extend to 'hazards which are part of or inherent in the very work which the contractor is to perform' " (*Anderson*, 280 AD2d at 950, quoting *Gasper v Ford Motor Co.*, 13 NY2d 104, 110; *see Landahl v City of Buffalo*, 103 AD3d 1129, 1131). Here, plaintiff's accident resulted from the manner in which the work was performed, and it is undisputed that defendant had the authority to supervise and control the methods and manner of plaintiff's work, and that it in fact exercised such supervisory control (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). Contrary to defendant's contention, we conclude that defendant failed to establish as a matter of law that the risk of injury owing to moving a heavy door across a two-foot gap while at an elevated height with the assistance of a single worker was "inherent in plaintiff's work" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505; *see Zarnoch v Luckina*, 112 AD3d 1336, 1338). We agree with defendant, however, that the court erred in denying that part of its motion and granting that part of plaintiffs' cross motion with respect to the Labor Law § 240 (1) claim, and we therefore modify the order accordingly. "The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916, quoting *Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 501; *see Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 911). Rather, the statute "was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from *harm directly flowing from the application of the force of gravity to an object or person*" (*Ross*, 81 at 501; *see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603). Here, plaintiff injured his back while maneuvering a heavy door across a lateral gap; the door did not fall or descend even a de minimis distance owing to the application of the force of gravity upon it (*see Hasty v Solvay Mill Ltd. Partnership*, 306 AD2d 892, 893; *cf. Runner*, 13 NY3d at 605; *Kollbeck v 417 FS Realty*, 4 AD3d 314, 314). Although "the injured plaintiff's back injury was tangentially related to the effects of gravity upon" the door he was lifting, "it was not caused by the limited type of elevation-related hazards encompassed by Labor Law § 240 (1)" (*Aloi v Structure-Tone, Inc.*, 2 AD3d 375, 376; *see Hasty*, 306 AD2d at 893). We thus conclude that the hazard at issue here, i.e., lifting or carrying a heavy object across a lateral gap, even while positioned at a height, is a "routine workplace

risk[]" of a construction site and not a "pronounced risk[] arising from construction work site elevation differentials" (*Runner*, 13 NY3d at 603; *see Hasty*, 306 AD2d at 893).

We also agree with defendant that the court erred in granting that part of plaintiffs' cross motion seeking leave to amend their response to defendant's interrogatories to allege a violation of 12 NYCRR 23-9.6 (e) (1), and we therefore further modify the order accordingly. "While it is well settled that leave to amend shall be freely given in the absence of prejudice to the opponent . . . , permission to amend should be denied where the proposed amendment clearly lacks merit" (*Perrini v City of New York*, 262 AD2d 541, 542), and that is the case here. The Industrial Code regulation at issue is "factually inapplicable to the circumstances surrounding the happening of the accident and thus do[es] not support a [claim under] Labor Law § 241 (6)" (*Wilke v Communications Constr. Group*, 274 AD2d 473, 474; *see Wilson v Niagara Univ.*, 43 AD3d 1292, 1293). Inasmuch as plaintiffs' remaining claimed violations of the Industrial Code were dismissed by stipulation of the parties, we further modify the order by dismissing the Labor Law § 241 (6) claim against defendant in its entirety.

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court