Appeal and cross appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered May 24, 2016. The order, inter alia, denied that part of the motion of defendants for summary judgment dismissing the Labor Law § 240 (1) claim and denied the cross motion of plaintiffs for partial summary judgment on the issue of liability under section 240 (1).
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of defendants’ motion with respect to the Labor Law § 240 (1) claim and dismissing the second cause of action in its entirety, and as modified the order is affirmed without costs.
 

 Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by James P. Horton (plaintiff) as a result of, among other things, an alleged violation of Labor Law § 240 (1). Plaintiff, a journeyman electrician, was employed by a subcontractor hired to perform renovation work on defendant Campbell-Savona High School. On the day of the accident, plaintiff and a coworker were instructed by their foreman to move two heavy switchgear segments from a loading dock to a room in the basement of the school. Plaintiff, the coworker, and the foreman successfully moved the first segment without incident by first using a hand truck to move the segment to a freight elevator and into the basement, subsequently laying the segment on its side upon a flat cart with four wheels that was approximately one foot high in order to maneuver the segment below obstructions in the basement hallway, and then moving the segment into the room and raising it to an upright position. They used essentially the same process to move the second segment into the room. Plaintiff and the coworker then began to lift the second segment off of the cart with one of them positioned on each side of the segment, while the foreman secured the base. According to plaintiff, as he and the coworker were lifting the second segment from an angled to an upright position, he felt a sharp pain in his back when the segment dropped or “rock[ed]” approximately half an inch on his coworker’s side and, for a “split second,” the weight of the segment felt unstable and increased in plaintiff’s hands. Plaintiff and his coworker did not drop the segment and, after a momentary pause, they continued to raise it to an upright position. Defendants appeal and plaintiffs cross-appeal from an order that, inter alia, denied that part of defendants’ motion for summary judgment dismissing the Labor Law § 240 (1) claim and denied plaintiffs’ cross motion for partial summary judgment on the issue of liability under section 240 (1).
 

 We agree with defendants that Supreme Court erred in denying that part of their motion seeking summary judgment dismissing the Labor Law § 240 (1) claim, and we therefore modify the order accordingly. “Liability may ... be imposed under [Labor Law § 240 (1)] only where the ‘plaintiff’s injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential’ ” (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015], rearg denied 25 NY3d 1195 [2015], quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). “Consequently, the protections of [the statute] ‘do not encompass any and all perils that may be connected in some tangential way with the effects of gravity’ ” (id., quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Rather, the statute “was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person” (Ross, 81 NY2d at 501; see Runner, 13 NY3d at 603).
 

 Here, the harm to plaintiff was not “the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (Runner, 13 NY3d at 603); rather, the submissions establish that plaintiff was injured while lifting the heavy switchgear segment when the weight thereof momentarily shifted to his side as a result of instability or a slight downward movement of half an inch on the coworker’s side (cf. Finocchi v Live Nation Inc., 141 AD3d 1092, 1093-1094 [4th Dept 2016]; Zarnoch v Luckina, 112 AD3d 1336, 1337 [4th Dept 2013]). Although plaintiff’s back injury “was tangentially related to the effects of gravity upon the [switchgear segment that] he was lifting, it was not caused by the limited type of elevation-related hazards encompassed by Labor Law § 240 (1)” (Carr v McHugh Painting Co., Inc., 126 AD3d 1440, 1442 [4th Dept 2015] [internal quotation marks omitted]). We thus conclude that defendants established as a matter of law that plaintiff’s injuries resulted from a “routine workplace risk[ ]” of a construction site and not a “pronounced risk[ ] arising from construction work site elevation differentials” (Runner, 13 NY3d at 603; see Carr, 126 AD3d at 1442), and plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). For the same reasons, we reject plaintiffs’ contention in their cross appeal that the court erred in denying their cross motion for partial summary judgment on liability under section 240 (1).
 

 Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.