Burns v Marcellus Lanes, Inc. (2019 NY Slip Op 00801)





Burns v Marcellus Lanes, Inc.


2019 NY Slip Op 00801


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1460 CA 18-01037

[*1]JOSEPH BURNS, PLAINTIFF-RESPONDENT,
v
MARCELLUS LANES, INC., DEFENDANT-APPELLANT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GOLDBLATT & ASSOCIATES, P.C., MOHEGAN LAKE (KENNETH B. GOLDBLATT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered April 10, 2018. The order, insofar as appealed from, denied that part of the motion of defendant seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action and granted the cross motion of plaintiff for summary judgment on liability pursuant to Labor Law § 240 (1). 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained while removing snow and ice from the roof of a building owned by defendant after he fell from the bucket of a backhoe being used to lift him to the roof. Defendant appeals from an order that, inter alia, denied that part of its motion for summary judgment seeking dismissal of the Labor Law § 240 (1) cause of action, and granted plaintiff's cross motion for summary judgment with respect to liability on the Labor Law § 240 (1) cause of action. We affirm.
Labor Law § 240 (1) "applies where an employee is engaged in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). We conclude that, contrary to defendant's contention, the removal of snow and ice from the roof of a commercial building, under these circumstances, constitutes a form of "cleaning," thereby bringing it within the ambit of Labor Law § 240 (1) (see Nephew v Barcomb, 260 AD2d 821, 823 [3d Dept 1999]; see also Wicks v Trigen-Syracuse Energy Corp., 64 AD3d 75, 79 [4th Dept 2009]).
We reject defendant's contention that plaintiff was not injured by an elevation-related risk within the scope of Labor Law § 240 (1). Plaintiff established the necessary elements for liability under section 240 (1) by submitting evidence that he suffered "harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993] [emphasis omitted]), and defendant did not raise a question of material fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Zarnoch v Luckina, 112 AD3d 1336, 1337 [4th Dept 2013]).
Finally, contrary to defendant's contention, we conclude that plaintiff is entitled to summary judgment irrespective of whether his injuries were caused by the fall itself or by being struck by the backhoe in the moments immediately following the fall. "To establish a prima facie case plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that the risk of some injury from defendants' conduct was foreseeable" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]). "Thus, a plaintiff merely has to demonstrate that he or she was injured when an elevation-related safety device failed to perform its function to support and secure him from [*2]injury" (Ortega v City of New York, 95 AD3d 125, 128 [1st Dept 2012]). Here, the safety equipment provided to plaintiff did not prevent him from falling; thus, the core objective of Labor Law § 240 (1) was not met (see Gordon, 82 NY2d at 561). Plaintiff's injury was a normal and foreseeable consequence of the failure of the safety equipment (see id. at 562; see also Van Eken v Consolidated Edison Co. of N.Y., 294 AD2d 352, 353 [2d Dept 2002]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court