Branch v 1908 W. Ridge Rd, LLC (2021 NY Slip Op 06248)





Branch v 1908 W. Ridge Rd, LLC


2021 NY Slip Op 06248


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


804 CA 20-01263

[*1]SHAWNTRELL BRANCH, PLAINTIFF-RESPONDENT,
v
1908 WEST RIDGE RD, LLC, DEFENDANT, ROCHESTER AIRPORT MARRIOTT, EJ DELMONTE CORPORATION AND DELMONTE HOTEL GROUP, DEFENDANTS-APPELLANTS. 






MANSON & MCCARTHY, BUFFALO, BAXTER SMITH & SHAPIRO, P.C., WHITE PLAINS (SIM R. SHAPIRO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered September 26, 2020. The order, insofar as appealed from, granted the motion of plaintiff for summary judgment pursuant to Labor Law § 240 (1) and denied in part the cross motion of defendants Rochester Airport Marriott, EJ Delmonte Corporation and Delmonte Hotel Group for summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted in its entirety and the amended complaint against defendants-appellants is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of, among other things, an alleged violation of Labor Law § 240 (1) that occurred while he was working to replace the roof at the Rochester Airport Marriott hotel. We agree with defendants-appellants (defendants) that Supreme Court erred in denying that part of their cross motion seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) claim against them, and in granting plaintiff's motion for summary judgment on the issue of defendants' liability with respect to that claim. It is well established that "[l]iability may . . . be imposed under [Labor Law
§ 240 (1)] only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015], rearg denied 25 NY3d 1195 [2015], quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). The statute "was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see Runner, 13 NY3d at 604). Thus, the protections of Labor Law § 240 (1) " 'do not encompass any and all perils that may be connected in some tangential way with the effects of gravity' " (Nicometi, 25 NY3d at 97, quoting Ross, 81 NY2d at 501).
In this case, the parties' submissions establish that plaintiff was injured while lifting a large metal structure six to eight inches off the surface of the roof so that his coworkers could apply new roofing material underneath. Although plaintiff's back injury was "tangentially related to the effects of gravity upon the [structure] he was lifting, it was not caused by the limited type of elevation-related hazards encompassed by Labor Law § 240 (1)" (Carr v McHugh Painting Co., Inc., 126 AD3d 1440, 1442 [4th Dept 2015] [internal quotation marks omitted]; see Cardenas v BBM Constr. Corp., 133 AD3d 626, 627-628 [2d Dept 2015]). We conclude as a [*2]matter of law that plaintiff's injuries "resulted from a 'routine workplace risk[]' of a construction site and not a 'pronounced risk[] arising from construction work site elevation differentials' " (Horton v Board of Educ. of Campbell-Savona Cent. Sch. Dist., 155 AD3d 1541, 1543 [4th Dept 2017], quoting Runner, 13 NY3d at 603; see Cardenas, 133 AD3d at 627-628; Carr, 126 AD3d at 1442-1443).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court