Vega v FNUB, Inc. (2023 NY Slip Op 03571)

Vega v FNUB, Inc.

2023 NY Slip Op 03571

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

124 CA 21-01474

[*1]JOSE VEGA, PLAINTIFF-APPELLANT-RESPONDENT,
v
FNUB, INC., DEFENDANT, AND LPCIMINELLI, INC., DEFENDANT-RESPONDENT-APPELLANT. FNUB, INC., THIRD-PARTY PLAINTIFF, AND LPCIMINELLI, INC., THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT, 
 FRANCO ASSOCIATES, L.P., THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. 

DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
HODGSON RUSS LLP, BUFFALO (ALEXANDRIA N. ROWEN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT.
PILLINGER MILLER TARALLO, LLP, BUFFALO (KENNETH A. KRAJEWSKI OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeals from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered October 4, 2021. The order denied the motion of plaintiff for partial summary judgment, granted in part and denied in part the cross-motion of defendant-third-party plaintiff LPCiminelli, Inc., for summary judgment and denied in part the cross-motion of third-party defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the cross-motion of defendant-third-party plaintiff LPCiminelli, Inc. seeking summary judgment on its cause of action for contractual indemnification against third-party defendant and seeking dismissal of third-party defendant's counterclaim against it and dismissing that counterclaim, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action against defendant-third-party plaintiff, LPCiminelli, Inc. (defendant), seeking to recover damages for injuries he sustained on a construction site. Defendant was the general contractor for a project consisting of the construction of a new building, and third-party defendant, Franco Associates, L.P. (Franco), was the masonry subcontractor. Defendant commenced a third-party action against Franco for, inter alia, contractual indemnification, and Franco asserted a counterclaim for indemnification from defendant.
On the day of the accident, plaintiff was operating a buck hoist, which is an elevator affixed to the outside of a building under construction, and was transporting both workers and materials in the buck hoist. There was a two- to four-inch gap between the building and the buck hoist, and when the buck hoist stopped at a building level, plaintiff was required to place a metal [*2]plate over that gap before anything heavy or with wheels was moved on or off the buck hoist. The accident occurred when plaintiff took the buck hoist to the eighth floor of the building, and an employee of Franco attempted to roll an electric pallet jack loaded with mortar and block debris onto the buck hoist without first waiting for plaintiff to put down the metal plate. As a result, the wheels of the pallet jack became stuck in the gap, causing some debris to fall off the pallet jack. Plaintiff used an angle iron as a lever to try and push the pallet jack upward and back out of the buck hoist. When plaintiff attempted to do so, the angle iron "gave way," the pallet jack shifted back down, and plaintiff slipped on some of the fallen debris and was injured.
Plaintiff moved for partial summary judgment on liability on the Labor Law §§ 240 (1) and 241 (6) causes of action. Defendant cross-moved for, inter alia, summary judgment dismissing plaintiff's complaint against it and, in the third-party action, for summary judgment on its cause of action for contractual indemnification and dismissing Franco's counterclaim against it. Franco cross-moved for summary judgment dismissing plaintiff's Labor Law §§ 240 (1) and 241 (6) causes of action and dismissing the third-party complaint. Supreme Court, inter alia, in the main action denied plaintiff's motion, granted those parts of defendant's and Franco's cross-motions for summary judgment dismissing the Labor Law § 240 (1) cause of action, granted those parts of defendant's cross-motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, and denied those parts of defendant's and Franco's cross-motions for summary judgment dismissing the Labor Law § 241 (6) cause of action to the extent it was predicated upon the violations of 12 NYCRR 23-1.7 (d) and 23-2.1 (b). In the third-party action, the court denied the relief sought by both defendant and Franco. Plaintiff appeals, and defendant and Franco cross-appeal.
Contrary to plaintiff's contention on his appeal, the court properly denied that part of his motion seeking summary judgment on the Labor Law § 240 (1) cause of action and granted those parts of defendant's and Franco's cross-motions for summary judgment seeking dismissal of that cause of action. " '[T]he extraordinary protections of [Labor Law § 240 (1)] apply only to a narrow class of dangers,' " i.e., " 'special hazards' presenting 'elevation-related risk[s]' " (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97 [2015], rearg denied 25 NY3d 1195 [2015]). Thus, "[l]iability may . . . be imposed under [Labor Law § 240 (1)] only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (id. at 97, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). We conclude as a matter of law that plaintiff's injuries resulted from a routine workplace risk of a construction site and not an elevation-related risk to which the statute applies (see Branch v 1908 W. Ridge Rd, LLC, 199 AD3d 1362, 1362-1363 [4th Dept 2021]; Carr v McHugh Painting Co., Inc., 126 AD3d 1440, 1443 [4th Dept 2015]; see generally Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]).
Contrary to plaintiff's further contention on his appeal, the court properly denied that part of his motion seeking summary judgment on the Labor Law § 241 (6) cause of action and, contrary to defendant's and Franco's contentions on their cross-appeals, the court properly denied those parts of their cross-motions seeking dismissal of that cause of action to the extent it is predicated upon the violation of 12 NYCRR 23-1.7 (d) and 23-2.1 (b). Section 23-1.7 (d) provides that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." The regulation is sufficiently specific to support a Labor Law § 241 (6) cause of action (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350-351 [1998]; Kobel v Niagara Mohawk Power Corp., 83 AD3d 1435, 1436 [4th Dept 2011]) and, contrary to defendant's and Franco's contentions, the regulation is not limited to elevated surfaces (see Kobel, 83 AD3d at 1436; Cottone v Dormitory Auth. of State of N.Y., 225 AD2d 1032, 1033 [4th Dept 1996]). We conclude, however, that a triable issue of fact exists whether the regulation applies to the facts of this case, including whether mortar and block debris constituted a "foreign substance" and caused a "slippery condition" within the meaning of that regulation (see generally Marino v Manning Squires Hennig Co., Inc., 208 AD3d 1020, 1021-1022 [4th Dept 2022]; Hageman v Home Depot U.S.A., Inc., 45 AD3d 730, 732 [2d Dept 2007]; Ventura v Lancet Arch, 5 AD3d 1053, 1054 [4th Dept 2004]).
12 NYCRR 23-2.1 (b) provides that "[d]ebris shall be handled and disposed of by [*3]methods that will not endanger any person employed in the area of such disposal or any person lawfully frequenting such area." The regulation is sufficiently specific to support a Labor Law § 241 (6) cause of action (see Finocchi v Live Nation, Inc., 141 AD3d 1092, 1094 [4th Dept 2016]). We conclude, however, that there is a triable issue of fact whether the regulation was violated (see Kvandal v Westminster Presbyt. Socy. of Buffalo, 254 AD2d 818, 818-819 [4th Dept 1998]; see also St. John v Westwood-Squibb Pharms., Inc., 138 AD3d 1501, 1503 [4th Dept 2016]) and whether the way the mortar and block debris was handled and disposed of on the project was a proximate cause of plaintiff's injuries (see generally Calderon v Walgreen Co., 72 AD3d 1532, 1533-1534 [4th Dept 2010], appeal dismissed 15 NY3d 900 [2010]).
Contrary to plaintiff's contention on his appeal and Franco's contention on its cross-appeal, the court properly granted those parts of defendant's cross-motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. Where the alleged defect or dangerous condition arises from the contractor's methods and the owner or general contractor "exercises no supervisory control over the operation, no liability attaches to the owner [or general contractor] under the common law or under section 200 of the Labor Law" (Lombardi v Stout, 80 NY2d 290, 295 [1992]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]). Here, plaintiff's injuries arose from the method and manner of performing the work and not a dangerous condition on the worksite. Inasmuch as it was undisputed that defendant did not supervise or control the injury-producing work, it established its entitlement to summary judgment on the Labor Law § 200 and common-law negligence causes of action (see Anderson v National Grid USA Serv. Co., 166 AD3d 1513, 1513-1514 [4th Dept 2018]; Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1579 [4th Dept 2016]). Plaintiff and Franco failed to raise a triable issue of fact in opposition to those parts of defendant's cross-motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with defendant on its cross-appeal that the court erred in denying those parts of its cross-motion seeking summary judgment on its cause of action for contractual indemnification and dismissing Franco's counterclaim against it. We therefore modify the order accordingly. "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662 [2d Dept 2009]; see General Obligations Law § 5-322.1; Brown v Two Exch. Plaza Partners, 76 NY2d 172, 180-181 [1990]). In addition, "the right to contractual indemnification depends upon the specific language of the contract" (Allington v Templeton Found., 167 AD3d 1437, 1441 [4th Dept 2018] [internal quotation marks omitted]). The indemnification provision in the subcontract between defendant and Franco provides, inter alia, that Franco agreed to indemnify defendant "from and against any and all losses, claims, actions, demands, damages, liabilities, or expenses . . . by reason of the liability imposed by law or otherwise upon . . . [defendant] . . . for damages because of bodily injuries, including death, at any time resulting therefrom sustained by any person . . . arising out of or resulting from performance of [Franco's] [w]ork, or from any acts or omissions on the part of [Franco], its employees, agents, or representatives." Defendant established as a matter of law that it was not negligent and that plaintiff's injuries arose out of Franco's work (see Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1038 [4th Dept 2021]; see generally Allington, 167 AD3d at 1440-1441). Franco failed to raise a triable issue of fact in opposition (see generally Miller v Rerob, LLC, 197 AD3d 979, 981 [4th Dept 2021]).
We have considered the parties' remaining contentions on the appeal and cross-appeals and conclude that they do not require
reversal or further modification of the order.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court