## Alonzo v RP1185 LLC & Lend Lease (US) Constr. LMB Inc.

2024 NY Slip Op 33072(U)

September 3, 2024

Supreme Court, New York County

Docket Number: Index No. 151861/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. DAVID B. COHEN</u>

*Justice*

PART 58

------------------------------------------------------------------------X

ROBINSON ALONZO,

Plaintiff,

- v -

RP1185 LLC and LEND LEASE (US) CONSTRUCTION
LMB INC.

Defendants.

------------------------------------------------------------------------X

| INDEX NO. | 151861/2020 |
|---|---|
| MOTION DATE | 02/20/2024, 04/05/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 55, 57, 59, 60, 65, 66, 67, 68

were read on this motion to/for <u>JUDGMENT - SUMMARY</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 48, 49, 50, 51, 52, 53, 54, 56, 58, 61, 62, 63, 64

were read on this motion to/for <u>JUDGMENT - SUMMARY</u> .

In this Labor Law action, defendants move, pursuant to CPLR 3212, for summary judgment dismissing the complaint (Seq. 002). Plaintiff moves, pursuant to CPLR 3212, for summary judgment against defendants on the issue of liability under Labor Law § 240(1) (Seq. 003).

## I. Factual and Procedural Background

This case arises from an incident on July 29, 2019, in which plaintiff was allegedly injured while installing rebar at a construction site located at 1185 Broadway in Manhattan (the premises) (Doc Nos. 31-32). The premises were owned by defendant RP1185 LLC and defendant Lend Lease (US) Construction LMB Inc. (Lendlease)[1] was the construction manager for the construction

---

[1] In the caption of this action, Lendlease is identified as Lend Lease with a space between the words, however, documentary evidence in the record identifies the entity as Lendlease with no space between (Doc Nos. 39-40). Therefore, Lendlease will be used throughout this decision and order.

**151861/2020 ALONZO, ROBINSON vs. RP1185LLC** **Page 1 of 5**
**Motion No. 002 003**

project (Doc No. 42). Plaintiff commenced this action against defendants alleging claims of common-law negligence and violations of Labor Law §§ 200, 240(1) and 241(6) (Doc No. 31). Defendants joined issue by their answer dated March 20, 2020, denying all substantive allegations of wrongdoing and asserting various affirmative defenses (Doc No. 5). Defendants now move for summary dismissal of the complaint (Doc No. 29), which plaintiff partially opposes (Doc No. 45). Plaintiff moves for partial summary judgment on his Labor Law § 240(1) claim (Doc No. 48), which defendants oppose (Doc No. 62).

*A.  Deposition Testimony of Plaintiff (Doc No. 35)*

At his deposition, plaintiff testified that he was employed by nonparty Dutchess Rebar Fabricators (Dutchess) as a lather responsible for installing rebar at the premises. He was given instructions by two supervisors, both of whom were Dutchess employees. On the day of the incident, he and two coworkers were instructed to install pieces of thick rebar into an unfinished wall that would eventually be filled with concrete.

Plaintiff and his two coworkers were attached to the unfinished wall, hanging approximately ten feet above the concrete floor beneath them. Each worker had a safety harness with two lanyards provided by Dutchess, one lanyard connected to the floor above them to prevent falls and one connected to the unfinished wall in front of them. Plaintiff's feet rested on a piece of thin rebar, whereas his coworkers were able to stand on small wooden platforms that had been built previously for other uses.

Plaintiff's supervisor was positioned on the floor above him and passed the thick rebar by hand down to the three workers piece by piece to install into the unfinished wall. As plaintiff's coworkers passed a piece of thick rebar to him, the thin rebar beneath him shifted, causing him to drop the thick rebar. His end of the thick rebar fell roughly one foot, but his coworkers maintained

**151861/2020   ALONZO, ROBINSON vs. RP1185LLC**
**Motion No.  002 003**

**Page 2 of 5**

their grip on their portions of it. He injured his shoulder when he tried to keep the rebar from falling further.

### B. Deposition Testimony and Verbal Statement of Plaintiff's Supervisor (Doc Nos. 36-37)

At his deposition, plaintiff's supervisor corroborated much of plaintiff's testimony. Dutchess was hired by Lendlease to install rebar at the premises. Plaintiff's supervisor was employed by Dutchess and responsible for assigning tasks to plaintiff and his coworkers, and Dutchess controlled the means and methods of its work.

Plaintiff and his coworkers' job was to install rebar into an unfinished wall. On the day of the incident, the rebar was being passed to them by hand. Sometimes the rebar would be lowered down by a crane, but that was not required and no crane was available at the premises that day. Plaintiff stood on a piece of rebar while performing the work, which was a common way the work was performed.

At his deposition, plaintiff's supervisor was shown a copy of a typed statement bearing his signature. An investigator approached him in 2020 and took a verbal statement. In 2023, the investigator returned with a typed version of that statement, which he then signed. The typed statement aligned with his deposition testimony. It provided that plaintiff did not fall or trip, nothing struck plaintiff, and his injury likely occurred "from a freak accident that may have been related to repetitive motion."

### II. Legal Analysis and Conclusions

### A. Plaintiff's Motion for Partial Summary Judgment

Plaintiff contends that he has made a prima facie showing that defendants violated Labor Law § 240(1) and that such violation caused his injuries because the thin rebar he stood on while hanging should have been a scaffold and the thick rebar should have been lowered down by a crane

**151861/2020  ALONZO, ROBINSON vs. RP1185LLC**
**Motion No.  002 003**

**Page 3 of 5**

3 of 5

instead of by hand. Defendants argue in opposition that plaintiff was not subjected to an elevation-related risk and was provided with adequate devices in the form of a safety harness and lanyard.

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). However, "[n]ot every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of [the statute]" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

Here plaintiff fails to make a prima facie showing that any statutory violation caused his injuries. Plaintiff injured his shoulder as he attempted to grab the piece of thick rebar he had just dropped, his injuries were not the result of a fall he suffered or being struck by a falling object. His injuries were caused by "the type of ordinary and usual peril to which a worker is commonly exposed [to] at a construction site" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 489 [1995]; *accord Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 267 [1st Dept 2007]; *Schwab v A.J. Martini Inc.*, 288 AD2d 654 [3d Dept 2001], *lv denied* 97 NY2d 609 [2002] [injury not covered by 240(1) where plaintiff strained hands and back when weight of bucket jerked him downward]).

**151861/2020   ALONZO, ROBINSON vs. RP1185LLC**
**Motion No.  002 003**

**Page 4 of 5**

4 of 5

[* 4]

*B. Defendants' Motion for Summary Dismissal*

Based on the findings above, defendants have demonstrated that they are entitled to dismissal of plaintiff's Labor Law § 240(1) claim as a matter of law because his injuries were not caused by any violation of the statute.

Plaintiff failed to oppose the branches of defendants' motion seeking to dismiss his claims of common-law negligence and violations of Labor Law §§ 200 and 241(6). Therefore, those branches of defendants' motion are granted without opposition.

The parties' remaining contentions are either without merit or need not be addressed given the findings above.

Accordingly, it is hereby:

ORDERED that plaintiff's motion for summary judgment against defendants on the issue of liability under Labor Law § 240(1) (Seq. 003) is denied; and it is further

ORDERED that defendants' motion for summary judgment dismissing the complaint is granted, and the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

20240903123528DBCOHEN28728A5A6D8641CA9555B922D883CD4

_____9/3/2024_____
**DATE**

_____
**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [X] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**151861/2020   ALONZO, ROBINSON vs. RP1185LLC**
**Motion No.  002 003**

Page 5 of 5

5 of 5